276 So.2d 436

**Robert G. DONALD**

v.

**Sutton T. DONALD.**

**Civ. 156.**

Court of Civil Appeals of Alabama.

April 11, 1973.

Benjamin E. Pool, Montgomery, for appellant.

Richard C. Belser, Montgomery, for appellee.

WRIGHT, Presiding Judge.

Appellee, Mrs. Donald, filed below a petition for modification of a prior decree awarding support and alimony. The original decree of divorce was rendered February 26, 1970 and amended April 3, 1970. Appellee apparently was awarded a divorce, custody of three children, support and alimony in the amount of $600 per month and other relief, including possession and use of a home jointly owned by the parties. The original decree and its subsequent amendment was not introduced nor is the record of any prior proceeding in this cause before us. The petition of appellee for modification alleged change in circumstances of the parties and the children since the last decree, and requested relief in accord with such change.

The court heard evidence ore tenus on the petition and answer, consisting of a general denial, and rendered its modifying decree on November 10, 1972. By the modification, appellant, Robert Donald, was required and directed to pay the additional amount of $500 per quarter directly to his daughter Margaret for college expenses so long as she attended a recognized college until she reached twenty-one years of age.

It is from the decree of modification that this appeal is taken.

■ Appellant has made three assignments of error. The first assignment is that the court erred in modifying the prior decree because of a failure to prove a material change of circumstances of the parties. There is no question that a trial court may in its discretion modify an original award for support of minor children on proof of changed circumstances of the par-

ties. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Hall v. Hall, 280 Ala. 275, 192 So.2d 727; Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854. Since such power to modify is a matter of discretion, the reviewing court will presume the decree of modification rendered after oral hearing of the testimony to be proper and will reverse only upon a clear showing of abuse of such discretion from the state of the evidence. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772.

Appellant contends that there has been no change of circumstances shown since the last decree. His argument is primarily that the matters shown by petitioner to be changes of circumstances were matters contemplated and anticipated by the parties at that time and were thus considered in reaching the provisions of the original decree. We do not have before us for consideration, the testimony nor even the decree, therefore we cannot know what was in the minds of the parties or of the court. We assume the trial court was cognizant of the terms and matters entering into its prior decree and yet found cause for modification thereof.

There was ample testimony that the needs and condition of the child Margaret had changed since the decree of 1970. She is now a student in a university, requiring substantially more funds to meet her expenses of education than before. Since the modification provided only for additional funds for her, we see no need to consider alleged changes of circumstance of the appellee or the other children. Without further discussion of the testimony, we are unable to say that the trial court abused its discretion in its decree. Skipper v. Skipper, supra.

Appellant's third assignment charges error in the refusal of the trial court to allow evidence attempting to show an agreement of the parties as to the purpose of the giving to appellee 600 shares of bank stock in the original decree. Appellant contends that such testimony would show that such stock was to be used for the education of the children. We do not consider the denial of admission of such testimony to be error. If there was such agreement between the parties, it apparently was not incorporated in the decree. At least, we must assume it was not since the decree was not introduced into evidence nor is it a part of the record here. Whatever agreements there were prior to the decree, the court was free to accept, reject or revise them. If accepted by the court they were incorporated into the decree, and the decree is the best evidence thereof. If not incorporated in the decree such agreements are of no probative value and could not vary the provisions of the decree. Neither may an agreement of the parties affect the rights of a child to support from the father. Hall v. Hall, supra. The court did not err in denying admission of such testimony.

Assignment of error 2 not being argued in brief, the same is waived. Supreme Court Rule 9.

No error having been shown the decree of the court is hereby affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.