331 So.2d 742

**Don G. MOORE, Sr.**

v.

**Isabell Templeman MOORE.**

**Civ. 705.**

Court of Civil Appeals of Alabama.

April 28, 1976.

Frank W. Riggs, Montgomery, for appellant.

**736**

John S. Bowman, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a modification decree in a domestic relations case.

The parties were divorced by a decree dated November 11, 1974. There were two minor dependent children. Custody of the children was given to the mother with specific weekend visitation rights to the father. The father was ordered to provide support for the wife and children in the sum of $350.00 per month. Other provisions such as attorney fees and the maintaining of hospital and medical insurance were ordered paid by the husband. The wife was given use and possession of the jointly-owned home until the youngest child reached majority or became self-supporting. After such time the home was directed to be sold and the net proceeds divided equally between the parties.

As a result of the divorce, husband lost his job. He had difficulty obtaining other remunerative employment. In less than a month after the decree, the husband was cited for contempt for failure to comply with the divorce decree. He was permitted to purge himself of contempt by paying $500.00 upon the amount owed.

On December 30, 1974, the husband filed a petition to modify, alleging that he was financially unable to comply with the decree and that the wife had failed to comply with the decree in respect to visitation rights and delivery to him of personal property. The petition to modify was heard orally by the court on February 17, 1975.

The evidence tended to show that the husband was only earning about $500.00 per month in gross wages; that he was obligated to pay considerably more in support, notes, debts and living expenses than he made; at the time of the hearing he was delinquent in payments under the decree of $1,181.00; and that he had no assets other than his undivided half interest in the home. The wife earned nearly $9,000.00 per year and had been supporting herself, the children and paying mortgage payments on the home since the divorce.

After hearing the evidence, the court entered judgment finding the husband in arrears in payments due under the decree in the amount of $1,181.00; that he had failed to maintain health insurance on the children; and that the testimony showed the former husband and father was unable to support his family. The court then ordered that the interest of the husband in the home be conveyed to the wife in consideration of the cancellation of the arrearage and the elimination of obligation to pay future support to the wife and children. It was further ordered that the right of visitation with the children be dependent upon the expressed desires of the children.

The father appeals presenting two issues of error in the judgment.

The first is: Did the original decree contain a property division which could not be modified? We consider that the order in the original decree might be questioned as to whether it constituted a property division.

However, even if the decree were to be determined to be a property division, it would not prevent the action of the court in its last decree under the facts of this case.

█ It is well settled that the estate of a husband and father may be subjected to the payment of past and future obligations for support and alimony. *Osborne v. Osborne*, 57 Ala.App. 204, 326 So.2d 766.

The father in this case subjected himself to the jurisdiction of the equity court. It was shown that he was delinquent in past-due support. It was shown that he was financially unable to provide the previously ordered future support determined to be needed to provide for the needs of his wife and children and maintain the mortgage payments on the home. Such payments on the mortgage were necessary to provide a home for his wife and children and even to protect his own interest and equity in the home. It was shown that the wife had been fulfilling all of these duties of the father from her own labors.

██ The court merely relieved the father from past and, at least for the present, future duty of support from his earnings, but fastened it upon his estate. Support may be obtained either from present and future earnings or from the estate of the father. *Osborne, supra.* In view of the evidence that the past, present and future support has fallen upon the wife, we find it within the authority of the court to use the estate of the father as some recompense to the mother. The evidence was that the value of the equity of the husband was only about $7,000.00.

█ We would make clear that the obligation of the father is not necessarily re-moved by the subjection of his estate for the support of his children. That obligation cannot be permanently removed by agreement, release or judgment if circumstances require its re-invocation in the future. *Womble v. Womble*, 56 Ala.App. 318, 321 So.2d 660.

The second issue is whether the court abused its discretion by granting visitation rights to the father only if expressly desired by the children.

█ Under the circumstances and evidence in this case, we find such an order unsupported by the evidence and manifestly unjust.

The natural and proper relationship of a parent and child should be nurtured, encouraged and protected by the court after the breakdown of a marriage. No unreasonable impediment should be raised. There is no testimony that the father in this case has been other than a loving father, particularly in his relationship with his nine-year-old son.

Prior to the divorce and resultant loss of his job, the evidence was that the father had worked and provided for his children to the best of his ability. There was testimony that prior to and since the divorce he had used his visitation rights with his son, and that there was a bond of affection and love between them. There was no indication that the father was a bad influence upon any of his children. Certainly there was no reason in the evidence to require that the perpetuation of the relationship of parent and child depend upon the "expressed desire" of the children. The responsibility for the cultivation of that relationship should rightfully be upon the father, and the mother, not upon the child. To so place it is to probably destroy it, not protect it. Under the evidence in this case, we find the order of the court to be serious error. We reverse that portion of the modification decree.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

BRADLEY and HOLMES, JJ., concur.