This is a child custody case.
The parties were divorced in 1973. There was one child born of the marriage, a boy now nine years of age. Custody was originally given to the mother. In 1977, the mother remarried and obtained a modification of the decree of custody allowing her to move the child to South Carolina. In response to his cross-petition for primary custody, the father was given custody during the summer.
In July 1978, the mother and her husband were moving to Chicago. The father, having married again, filed a petition for primary custody. Modification was entered after hearing, reversing the existing custodial roles. The father was given primary custody; the mother custody for the summer. The modification was not appealed.
In March 1979, the mother and her husband moved back to Decatur and filed for return of primary custody. After oral hearing, the court denied modification. *Page 1096 
The mother appeals, charging an abuse of discretion.
Our cases have reiterated many times the settled principles that in order to secure a modification of a judgment of child custody, there must be shown a material change of circumstances since the prior judgment which affects the best interest and welfare of the child. Smith v. Smith, 334 So.2d 915 (Ala.Civ.App. 1976). When, after oral hearing, the trial court renders its judgment, this court presumes it to have correctly applied discretionary authority and adjudged the best interest of the child. Donald v. Donald, 50 Ala. App. 9, 276 So.2d 436 (1973). We will not disturb or revise that judgment, unless it is so unsupported and contrary to the evidence as to appear plainly wrong. Stewart v. Grace, 360 So.2d 1032 (Ala.Civ.App. 1978).
The mother attacks the judgment in this case first by saying that the court erroneously found there has been no material change in circumstances since the last judgment. She contends that primary custody was taken from her and given to the father in 1978 principally because she was moving to Chicago and because the child expressed to the court a desire to live with his father. Congruently, she has now shown her return to Decatur and the child has expressed a present desire to live with her. Ergo, the circumstances which caused custody to be given the father are now reversed and custody should be returned to the mother. Upon its face, the contention appears to have reason, but does it necessarily follow the light of the polestar of child custody — the best interest of the child? We cannot say that it does.
The mother in support of her petition has, by conclusion and inference more than by legal evidence, submitted that the child has shown emotional and physical distress during the custody of the father and since her return to Decatur. However, there was shown no lack of love, care or attention for the child by the father or the stepmother. The trial court could have found from the testimony that the child, in spite of love from both parents and step-parents, was distressed by the continuation of controversy and conflict between them and the uncertainty of which would next have his custody. If it so found, in its role of parens patriae, the court in its discretion was free to stop the bouncing ball of custody and hopefully give the child a sense of permanency and custodial security. It is not every change of circumstances which requires a change of custody.
It is also contended by the mother that the "tender years doctrine" demands the child be returned to her. We see little if any room in this case for that doctrine, whatever its efficacy in other cases. Jenkins v. Jenkins, 376 So.2d 1099 (Ala.Civ.App. 1979). That doctrine was presumably considered and weighed in the prior judgment, which gave custody to the father. We do not have that record before us. We perceive the issue at this point in the case to be only whether there had occurred a change of circumstances since the judgment of August 1978, which so affected the best interest of the child that a change of custody was plainly required. Our consideration of the record and argument of counsel does not convince us that the trial court abused its discretion. The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.