This case concerns post-divorce litigation for the support of the two children of the parties, John, who was born in 1964, and Gina, whose birth date was in 1972.
On December 29, 1978 the judgment of divorce ratified and approved a written agreement of the parties by the terms of which the husband agreed to convey the home to the wife, who was also to receive $700, the household furnishings, a 1976 Plymouth automobile, custody of the children and the right to claim both children as tax return dependents. The husband was additionally required to pay the debt upon the wife's Plymouth and certain other debts. In the settlement, the husband received his pickup truck and about $300. He has fully complied with all of the provisions of the written agreement.
Nothing was contained, provided nor mentioned in either the agreement or in the judgment as to support for the children, or either of them.
On August 25, 1980 the wife filed her petition seeking a "modification" of the divorce judgment so as to provide reasonable periodic support for the children from the husband, and to require him to be responsible for all of the children's reasonable and necessary medical, drug and dental expenses. After a trial before the court, the circuit court ordered the husband to pay all such medical and dental expenses, but denied the relief concerning periodic child support.
On appeal, we are required to apply certain oft-repeated rules of review where the trial court personally heard the evidence. In a child support case, it is presumed that the trial court's judgment is correct, and an award of child support, based upon the needs of the child and the ability of the parent to pay, is a matter within the sound judicial discretion of the trial court. Armstrong v. Armstrong,391 So.2d 124 (Ala.Civ.App. 1980); Spears v. Spears, 382 So.2d 572
(Ala.Civ.App. 1980).
During the twenty-one months intervening between the divorce and the last hearing, the husband on one occasion spent between $200 and $300 for clothing for the children. The wife contends that the clothing expenditure by him was to enable the children to be appropriately dressed while attending his remarriage ceremony. She testified that she could not afford to purchase clothes for Gina, but had them made, and that John's clothing largely were used clothes from her friends and relatives.
The wife estimated that the husband had further provided, during that time period, a total of $150 for child support, with the husband stating that, while he did not know the amount of such payments, they exceeded $150. It is not clear whether that amount consisted entirely of dental expenses which he paid for John.
She contends that the average cost of supporting the children amounts to $781 per month. She borrowed money on one occasion to apply toward their day-to-day living expenses.
The wife is employed, with her gross income in 1979 being $8,846. The husband's gross wages amounted to $15,666 in 1979, which sum did not include two months' non-taxable disability payments, which were computed at the rate of seventy percent of his gross pay for that period. His federal income tax refund was $1,043 in 1979, and the state refund amounted to $272, with his charitable contributions totaling $1,933. He is paid at the rate of $8.50 per hour, and she receives an hourly rate of $4.28. He supports his present wife and a thirteen year old stepdaughter. The wife supports herself, Johnny and Gina. Recently, the wife sold the home for $12,500 and she indicated an intent to use those proceeds towards purchasing a new home. *Page 264 
The husband filed pleadings contending that, in consideration and return for the property conveyance, the payment to her of the $700, and his payment of debts and encumbrances, the parties had agreed that he would have no future periodic child support obligation and that he has fulfilled his end of the bargain. He averred that the home which she obtained via the divorce was a substantial portion of his child support obligation and that the proceeds from the house sale received by her represents that part of his obligation. It does not appear from the record as to the various interests of the parties in the property before his conveyance of the home to her.
The evidence on that issue sharply conflicted, which would normally make such matter a question of fact to be determined by the trial court; however, in Durham v. Durham,336 So.2d 1360 (Ala.Civ.App. 1976) it was decided that, in cases of this nature, testimony concerning such an unapproved oral pre-judgment agreement of settlement is not pertinent. Whether the written agreement approved by the court varied from an oral agreement of the parties made prior to being reduced to writing is of no consequence after the time for correction of the judgment has passed. The agreements of the parties became merged in the judgment.
Here, the husband does not seek relief from the judgment under A.R.C.P. rule 60 (b)(6), nor reformation of the judgment or agreement, nor specific performance, and we are not concerned with whether any of such remedies would be applicable. As we construe his pleading, his defense and evidence was simply that the specified oral pre-divorce agreement, which was never made a part of the divorce judgment, was a bar to recovery from him of any child support. In Donaldv. Donald, 50 Ala. App. 9, 276 So.2d 436 (1973), the husband attempted to defend by showing that the purpose of their original agreement was that the six hundred shares of stock which he gave to the wife would be used for the education of the children. It was there decided, "If not incorporated in the decree such agreements are of no probative value and could not vary the provisions of the decree. Neither may an agreement of the parties affect the rights of a child to support from the father."
The obligation of a parent to support a minor child cannot be permanently removed by agreement, release or judgment, if circumstances require its re-invocation in the future. Moore v.Moore, 57 Ala. App. 735,331 So.2d 742 (1976); Womble v. Womble,56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429,321 So.2d 664 (1975); Donald v. Donald, supra. One parent cannot permanently waive or release the other parent from their obligation to meet the needs of children for support as that need is shown to exist at the time. If the non-custodial parent is financially able to respond to those needs, it is the responsibility of the court, upon petition and proof, to cause them to do so. Here, the fact that the mother has, by verbal agreement, necessity, or acquiescence, accepted and fulfilled the responsibility of furnishing almost all of the financial needs of the children does not release the father from presently assuming a portion of their support, if the present needs of the children require it. Womble v. Womble, supra.
In Armstrong v. Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978), the parties had apparently agreed between themselves that the husband was not obligated to provide child support, but the agreement in that respect had never been adopted by any judgment of the court. The wife sought to modify the judgment and gain child support, but the trial court denied her petition since she had failed to show a material change in the circumstances. Therein, it was decided as follows:
 In the present case the original decree of divorce and the subsequent modifications thereof contained no references to the purported agreement between the parties dispensing with the husband's duty to furnish money for the support of his minor child. Consequently, the wife's petition to modify constituted a supplemental petition to the original divorce *Page 265 
decree as modified to award her custody of the parties' son. And under that petition the husband was obligated to provide support for his child just as if the wife had sought such support at the time the court transferred custody of the child to her. Moreover, the wife's petition being merely supplementary to the decree by which she received custody of the child, it was not necessary for her to demonstrate a change in circumstances in order for her former husband to be required to furnish child support. It was sufficient for the court to order the husband to provide for the maintenance of his child if the evidence tended to show he was financially able to do so. In the present case the evidence demonstrated that in 1976 the husband's net income was $9,800. We believe that a yearly income of this amount indicates that the husband is financially able to provide some support for his minor child. Therefore, we reverse and remand the judgment of the trial court in order that it may determine the specific amount to be awarded as child support.
In the instant case the husband's 1979 gross income, including disability benefits, exceeded $17,000, and his 1980 income for the first nine months amounted to $11,549. The husband is financially able to assume and pay some of the living and educational expenses of his two minor children. Accordingly, we reverse and remand the judgment of the dedicated, experienced and learned trial judge to enable the circuit court to determine a reasonable amount for the husband to pay as child support after giving due consideration to the needs of the children and to his financial ability to partially respond to those needs.
The wife's request for an attorney's fee on appeal is hereby granted and an award of $350 is made.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.