This is a child custody modification case.
Robert Donald Nabors filed a petition for divorce on March 24, 1981 on the ground of adultery. During the pendency of the divorce proceeding, the parties entered into an agreement which was incorporated into the final divorce decree rendered on April 28, 1981. This agreement gave custody of the parties' two minor daughters, Venessa Ann and Melisa Renea, to the father. The agreement gave the mother substantial visitation *Page 144 
rights. Further, the husband was awarded title to the marital home.
On July 24, 1981 the mother filed a petition for rule nisi alleging that the father had failed to abide by the visitation provisions in the final decree. On August 24, 1981 she filed a subsequent petition asking the court to award custody of the children to her.
The trial court held a hearing on October 1, 1981. On October 15, 1981 the trial court found that it was not in the best interests of the children to modify custody, but set the case for a further hearing. In December the trial court reviewed reports made by the Department of Pensions and Security. These reports were the results of investigations of both the mother's and father's homes. After reviewing these reports the trial court entered an order on December 21, 1981 awarding custody to the mother to begin June 15, 1982. From this judgment the father appeals to this court.
The only issue in this appeal is whether the trial court erred in transferring custody of the children to the mother.
The evidence adduced at trial showed that the father provided a good home for his children. He had a good job and sufficient income. During working hours he had his children cared for at a church day care center. His mother lives nearby and is able to help care for the children. The social worker also reported that the father was a capable and loving parent.
The mother stated that she allowed the father to gain custody of the children because she had no home for them. She lived with a girl friend for several months after the divorce. Further, at the time of the decree, her income was fairly low. She has since remarried and stated that she could now provide her children a good home.
Other evidence concerned allegations by the father that the mother is sexually promiscuous. He also stated that the mother frequented bars. The mother admitted to going out with several men but denied that she had been sexually promiscuous. She did admit to having a sexual relationship with Michael Stuckey. She and Stuckey were married on October 14, 1981.
The mother presented several letters written to her by the father. These letters showed the father's bitterness about the mother's actions. The mother argues that the letters also show the father's lack of maturity.
All of this testimony was presented prior to the October 15, 1981 decree. The only evidence presented at the December hearing was the social worker's reports. Both these reports stated that both parents had good homes and could provide for the children.
The party seeking to modify child custody must prove that a material change of circumstances has occurred since the rendition of the last child custody judgment. Barber v. Lay,384 So.2d 1095 (Ala.Civ.App.), cert. denied, 384 So.2d 1096
(Ala. 1980). In the present case we cannot find that the wife has shown such a change of circumstances to warrant modification.
We find the case of Abel v. Hadder, 404 So.2d 64
(Ala.Civ.App. 1981) to be dispositive of the present case. The facts of that case are almost the same as the facts in the present case. In Abel we stated that remarriage and improved financial conditions are circumstances which may be considered in change of custody actions, but those factors are not controlling. The fact that a mother has reformed and has married a fine man does not warrant the modification of custody.
In the present case the mother has not shown such a change of circumstances as to warrant modification. There is no evidence that the father is not a capable and loving parent. The mother has shown only that her home life has stabilized since she voluntarily gave custody to the father. Under Abel, supra, this is not sufficient to warrant modification.
As a result, we find that the trial court erred in changing custody from the father to the mother. Accordingly, the trial court's judgment is reversed and the cause is remanded for entry of judgment consistent with this opinion. *Page 145 
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.