Charles Edward McClure and Connie Sue McClure Cassady were divorced on the ground of incompatibility of temperament on August 1, 1974. The wife received custody of the couple's one minor child, Scott, and the husband was given visitation rights. He was also ordered to pay $10 per week child support. The divorce decree recited that the husband was to "provide insurance for medical care of the said minor child through a Blue Cross Blue Shield Policy and shall furnish a current card to plaintiff for the minor child." Subsequently, the husband filed a motion to modify, seeking custody of the child; and the wife filed a counterclaim, alleging that the husband was $300 in arrears in child support and that he had failed to provide medical insurance for their son. The court, in a judgment signed March 15, 1976, ordered that "[t]he defendant will furnish to the plaintiff immediately a card designating insurance coverage on his son." The instant appeal arises from a contempt citation filed by the husband on February 4, 1982, alleging that the wife had kept him from seeing his son and a counterclaim for contempt by the wife, charging that he was in arrears by $1,540 in child support and he had failed to supply her with evidence, i.e. a card, of present medical insurance coverage on the son and that she had incurred medical expenses of $3,164.17 for which the husband would be liable. After an ore tenus hearing in which neither party was found to be in contempt, the *Page 431 
husband was ordered to pay an arrearage of $1,750 in child support. The court also found that he was liable for his son's medical expenses and ordered him to pay $2,809.60. The husband has appealed to this court from that judgment.
The sole issue raised in the husband's brief concerns the language in the modified divorce decree which required him to furnish an insurance card for his son to his former wife. It is his contention that this judgment did not obligate him to pay medical expenses incurred by his son but rather required that he furnish the card as evidence of insurance for medical expenses. The wife has failed to file a brief in reply.
The main thrust of the husband's argument centers on our decision in Miller v. Miller, 361 So.2d 577 (Ala.Civ.App. 1978), where we said:
 "We must agree with the wife, however, that the paragraph of the judgment numbered `Seventh' is so lacking in clarity as to be unenforceable. There is direction therein that the defendant husband `obtain and keep in full force and effect life insurance, with the minor child . . . as primary beneficiary. . . .' There is no amount of insurance specified. We reverse Paragraph Seventh and remand for reconsideration and amendment as to the amount and kind of insurance to be obtained together with any other amendment thereto considered meet and proper by the trial court."
It is the father's contention that the trial court's 1976 judgment which ordered him to provide his former wife with a medical insurance card for his son was satisfied when he, in fact, obtained medical coverage for his son and gave a card to his former wife. Testimony by the husband at trial indicated that he had provided medical insurance for his son until eight months before the hearing and that he intended to add his son to his policy within a week. He further testified that he had given an insurance card to his former wife. The husband argues that the judgment does not in any way obligate him to pay medical expenses incurred by the child.
In Miller we concluded that the provision of the decree requiring the maintenance of a life insurance policy for the benefit of the minor child lacked clarity because it failed to specify the kind and amount of insurance required of the father. In the case at bar there is no such lack of clarity, for it is obvious that the trial court's prior decrees clearly required the father to maintain in force and effect a medical insurance policy for the benefit of his minor son and that he furnish his former wife evidence of such insurance in the form of a card from the respective insurer. The father was not required to pay all of the medical expenses incurred by his child but was required only to obtain a medical insurance policy. Nevertheless, the trial court did require the father to pay all of the child's medical expenses after having found that the father had not maintained a policy of medical insurance for the benefit of the child. From the record it appears that the trial court concluded that the terms of the decrees in question were ambiguous and thus it was permitted to construe them. But, if the terms in question were not ambiguous, they should have been given their usual and ordinary meaning. Wise v. Watson,286 Ala. 22, 236 So.2d 681 (1970).
In the case at bar the usual and ordinary meaning of the terms in question required the father to maintain medical insurance for the benefit of his son, not to pay all of the child's medical expenses. Yet, the trial court did not find the father in contempt for failure to maintain medical insurance on his son as directed by the prior decrees and then did not require him to pay the medical expenses incurred by the child as compensation or as a fine for the benefit of the child as it could have done. See Carter v. State ex rel. Bullock County,393 So.2d 1368 (Ala. 1981). Instead the court required the father to pay all of the medical expenses that had been incurred by the child. Whatever may have been its reason for requiring the father to pay his child's medical expenses, the trial court's judgment will be upheld.
We said in Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App. 1981) that: *Page 432 
 "The obligation of a parent to support a minor child cannot be permanently removed by agreement, release or judgment, if circumstances require its re-invocation in the future. Moore v. Moore, 57 Ala. App. 735, 331 So.2d 742 (1976); Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975); Donald v. Donald
[50 Ala. App. 9, 276 So.2d 436 (1973)]. One parent cannot permanently waive or release the other parent from their obligation to meet the needs of children for support as that need is shown to exist at the time. If the non-custodial parent is financially able to respond to those needs, it is the responsibility of the court, upon petition and proof, to cause them to do so."
It is apparent from the record that appellant's child had incurred the medical expenses in question, and it further appears that appellant is financially able to pay those medical expenses. We therefore conclude that the trial court did not err in requiring the father to pay the medical expenses incurred by his child.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.