This is an appeal from a modification of a divorce decree.
The parties to this proceeding were divorced on October 17, 1980 by a decree of the Circuit Court of Baldwin County. The decree incorporated a settlement agreement which awarded the wife custody of the parties' two minor children, and periodic alimony and child support of $500 per month. The father was given reasonable visitation privileges, with such visitation to be decided by the mother.
On May 4, 1982 the husband filed a petition seeking a modification of the alimony and support payments due to a material change in his financial circumstances, and to be allowed more specific visitation with the children.
It appears that a hearing was held on the petition on June 8, 1982, although there is no court order to that effect in the record, nor is there a transcript of the evidence taken at that hearing.
On June 18, 1982 the wife filed a petition for rule nisi on the ground that her ex-husband failed to make the alimony and child support payments since the June 8 hearing and was $125 in arrears.
On June 22, 1982 the husband filed a motion for rehearing, alleging the trial court denied his petition to modify at the June 8 hearing, and that since the hearing he has obtained additional information in support of the petition.
After an ore tenus hearing on the rule nisi and motion for rehearing on August 27, the trial court found the husband $750 behind in child support and reduced the $500 per month alimony and child support award to $350 per month child support. The court also granted the father visitation on the second weekend of each month. The ex-wife appeals from the order granting the rehearing and modifying the divorce decree.
The appellant argues here that the trial court erred in modifying the divorce decree by eliminating alimony for the wife and requiring that the husband pay only child support. It is her position that only two years have elapsed since the divorce and the hearing, and that her ex-husband has not been able to prove any material change of circumstances to warrant a modification. *Page 562 
In Alabama a trial court has the discretion to modify periodic alimony and child support awards based upon a substantial change of circumstances, and a modification will not be reversed except for an abuse of that discretion. Wier v.Wier, 410 So.2d 78 (Ala.Civ.App. 1982); Sansom v. Sansom,409 So.2d 430 (Ala.Civ.App. 1981). Also, the burden of proving a material change in circumstances rests on the one seeking modification. Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App. 1982). In this case the one seeking modification is the father and the burden of proof rests on him.
The record on appeal contains the evidence taken at the August 27, 1982 hearing, but it does not contain the evidence taken at the June 8, 1982 hearing.
Where it appears that the record on appeal does not contain all of the evidence presented to the trial court and upon which it based its ruling, the conclusive presumption here is that the trial court's decree is supported by the evidence and must be affirmed. Glass v. Glass, 405 So.2d 37 (Ala.Civ.App. 1981).
The record before us does not contain all of the evidence which was before the trial court and upon which it based its modification order. We must, therefore, affirm its judgment.
Appellant's request for an attorney's fee on appeal is denied.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.