MADDOX, Justice.
This is a petition for writ of certiorari which we granted to review the Court of Civil Appeals’ decision, 477 So.2d 419, reversing a summary judgment in a tax case.
Certain facts in this case are undisputed. Code 1975, § 40-21-82 provides:
“There is hereby levied, in addition to all other taxes of every kind now imposed by law, and shall be collected as herein provided, a privilege or license tax against every utility in the state of Alabama on account of the furnishing of utility services by said utility; and the amount of said tax shall be determined by the application of rates against gross sales or gross receipts, as the case may be, from the furnishing of utility services in the state of Alabama and shall be computed monthly with respect to each person to whom utility services are furnished, in accordance with the following table:
If monthly gross sales or gross receipts respecting a person are: The tax is:
Not over $40,000.00 4% of such gross sales or gross receipts
Over $40,000.00 but not over $60,000.00 $16,600.00 [1] plus 3% of excess over $40,000.00
Over $60,000.00 $2,200.00 plus 2% of excess over $60,000.00”
Certain uses of electricity and natural gas otherwise taxable under § 40-21-82 are, however, exempted from taxation by Code 1975, § 40-21-83, which provides in pertinent part:
“There are hereby specifically excluded from the gross receipts or gross sales of a utility, upon which the tax herein levied is calculated, all portions thereof derived from the following:
it* * *
“(5) The furnishing of electricity to a manufacturer or compounder for use in an electrolytic or electrothermal manufacturing or compounding process;

ii* * *

“(7) The furnishing of natural gas to be used by a manufacturer or compound-er to chemically convert raw materials prior to the use of such converted raw materials in an electrolytic or electrother-mal manufacturing or compounding process. ...”
Shellcast Corporation is a manufacturer which uses electricity and natural gas for several purposes, some of which are taxable under § 40-21-82, and some of which are exempt under § 40-21-83.[2] Pursuant *424 to Code 1975, § 40-21-85, which incorporates by reference Code 1975, § 40-23-31, the Alabama Department of Revenue (the Department) promulgated Rule 810-6-5.26 regarding the availability of the exemption provided by § 40-21-83. That rule provides as follows:
“Any person engaged or continuing in the business of furnishing taxable and nontaxable utility services to a customer shall pay the tax required on the taxable services furnished when his books are kept so as to show separately the taxable utility services furnished and the nontaxable utility services furnished. When his books are not so kept, he shall pay tax on the total gross receipts of all utility services furnished. This would require separate meters for taxable and nontaxable services furnished — estimates will not be acceptable.”
Shellcast did not have separate meters for its taxable and nontaxable utility uses as Rule 810-6-5-.26 requires. As a result, it was assessed taxes on the total amount of the subject utilities it used, even though some of the purposes for which it used the subject utilities were unquestionably exempted from taxation by § 40-21-83. Shellcast paid the taxes, as assessed, and then brought suit requesting a writ of mandamus or, in the alternative, a declaratory judgment holding that it is entitled to a refund equal to the amount of tax it paid which, but for the fact that its taxable and nontaxable uses were not separately metered, would have been exempted from taxation by § 40-21-83. The Department moved for summary judgment or, in the alternative, for judgment on the pleadings, arguing that without separate metering Shellcast is, as a matter of law, not entitled to any refund. In opposition to the motion, Shellcast submitted affidavits to support its argument that, because it could prove the amount of the exemption to which it was entitled by another method, namely estimation, separate metering was unnecessary. The trial court granted the Department’s motion, and Shellcast appealed to the Court of Civil Appeals, contending that the separate metering requirement was “too strict.”
In a split decision (Wright, Presiding Judge, dissenting), the Court of Civil Appeals, speaking through Judge Holmes, held:
“In State v. Ludlam, 384 So.2d 1089 (Ala.Civ.App.), cert. denied, 384 So.2d 1095 (Ala.1980), this court was faced with a somewhat similar situation. In Ludlam the taxpayer failed to keep books and records of tax exempt services as required by Department of Revenue regulations. This court affirmed the trial court’s decision that other methods of proof could be employed to determine the amount of nontaxable services. In Lu-dlam the taxpayer did have adequate alternative methods of proving the amount of nontaxable services.
“In the case at bar, the 'separate meter’ regulation appears to be too restrictive when read in light of Ludlam and, most importantly, in light of the exemption statute. Administrative rules and regulations cannot subvert nor enlarge upon statutory policy. Alabama State Board of Optometry v. Busch Jewelry Co., 261 Ala. 479, 75 So.2d 121 (1954); Jefferson Co. Board of Education v. Alabama Board of Cosmetology, 380 So.2d 913 (Ala.Civ.App.1980).
“As indicated, Shellcast presented an affidavit that offered to show that the exempt services could be determined by another method. This presents a genuine issue of material fact. Shellcast should be given the opportunity to present evidence on this allegation.”
The Department petitioned here for a writ of certiorari, which this Court granted in order to review the decision of the Court of Civil Appeals; after doing so, we find that court’s decision to be in error and due to be reversed.
The Department simply argues that Rule 810-6-5-.26 is not a usurpation of legislative authority, but is a reasonable exercise *425 by the Department of the authority delegated to it by the legislature. We agree.
In § 40-23-31, the legislature specifically granted the Department authority to promulgate rules like Rule 810-6-5-.26 in order to provide for the orderly collection of taxes. Therefore, since it is undisputed that the Department promulgated Rule 810-6-5-.26 to achieve this purpose, and that Shellcast did not comply with the rule, the only question which faced the trial court and the Court of Civil Appeals, and which now faces this Court, is whether Rule 810-6-5-.26 is reasonable.
As far as the record before this Court indicates, the only evidence that Shellcast presented was that there are methods, other than separate metering of taxable and nontaxable uses, by which the amount of the exemption to which it claims to be entitled can be proved. It presented absolutely no evidence, not even a scintilla, indicating that this rule is in any way unreasonable. Without such evidence, there was no basis upon which the trial court could have denied the Department’s motion and, consequently, no basis for the finding by the majority of the Court of Civil Appeals that the trial court was in error in granting summary judgment.
Judge Wright’s dissenting opinion correctly expresses the law of the case; therefore, we adopt his reasoning as our own. As Judge Wright states:
“Surely, the Department under its enforcement powers may — nay must be able to adopt reasonable rules for enforcing the tax statutes. If its rules may be rejected by the contention, not of unreasonableness, but merely that the taxpayer may choose to follow another means of its own choosing of achieving the same end, each taxpayer may challenge every rule by showing that they have achieved the same result but by another means. It is obvious that chaos in enforcement would result. Rules would mean nothing.
“The requirement of meters to measure taxable and exempt gas and electricity furnished to a manufacturer by a utility such as Shellcast is clearly reasonable. Its reasonableness was not challenged in response to motion for summary judgment. Shellcast has admitted failure to install meters in accord with a long established rule. It merely contends it has another method for measuring the exempt from the taxable and it should not be barred by the rules. I submit that the majority decision has the effect of negating the rule-making power of the Department of Revenue.”
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
ALMON and EMBRY, JJ., dissent.

. The Code section indeed contains the figure "$16,600.00.” While this figure is not in dispute here, we assume the figure should have been "$1600.00.”

. As the Rule 39(k), Ala.R.App.P., statement of additional or corrected facts indicates, and as the record clearly shows, Shellcast is not, as the majority opinion of the Court of Civil Appeals states, a *'furnish[er] of natural gas and electricity”; instead, it is a user or "purchaser” of those utility services and, as such, is subject to taxation under § 40-21-81, which is a direct tax *424 levied upon and payable by the purchaser and collectable by the provider of such utilities.