J. ED TEASE, Retired Circuit Judge.
This is an appeal by former husband from a decree of modification, entered seven years after divorce, which ordered appellant to pay child’s dental expenses in *30 curred prior to the filing of the petition to modify.
The original divorce decree granted custody of the minor child to the mother-appel-lee; ordered the appellant to pay $300 per month child support; ordered appellant to pay for “basic hospital insurance coverage” on the child; but was silent as to the obligation of either party to pay for the child’s medical or dental expenses.
Appellant contends by brief that the trial court “abused its authority and discretion by retroactively modifying child support obligations of father [appellant].”
The record before us consists only of the clerk’s record. For reasons unexplained, the ore tenus evidence was not transcribed.
Appellant’s brief states that “the parties agree to the pertinent facts that are applicable to the question presented by the Appellant....” Appellee’s brief states that appellee accepts “Appellant’s Statement of the Case,” but also argues that the trial court is due to be affirmed on authority of Ezell v. Ezell, 440 So.2d 560 (Ala.Civ.App.1983), in which we said:
“Where it appears that the record on appeal does not contain all of the evidence presented to the trial court and upon which it based its ruling, the conclusive presumption here is that the trial court’s decree is supported by the evidence and must be affirmed. Glass v. Glass, 405 So.2d 37 (Ala.Civ.App.1981).”
While we agree that affirmance of the trial court could be predicated on Ezell, supra, we further opine that consideration of the merits leads to the same result.
Appellant asserts that accrued child support payments are final judgments which cannot be changed (citing Osborne v. Osborne, 57 Ala.App. 204, 326 So.2d 766 (Ala. Civ.App.1976)); and cannot be retroactively modified (citing Boley v. Rowe, 409 So.2d 436 (Ala.Civ.App.1982)). While we generally agree with such assertions, the case at bar presents an entirely different issue.
The trial court increased child support from $300 to $400 per month for future payments only. In addition to increased child support, the trial court ordered appellant to pay $1,225 to former wife “representing one-half of dental expenses that [former wife] paid on behalf of the minor child.”
In a case arising from similar facts, McClure v. Cassady, 426 So.2d 430 (Ala.Civ.App.1982), we said:
“[T]he court required the father to pay all of the medical expenses that had been incurred by the child. Whatever may have been its reason for requiring the father to pay his child’s medical expenses, the trial court’s judgment will be upheld.
“We said in Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981) that:
“ ‘The obligation of a parent to support a minor child cannot be permanently removed by agreement, release or judgment, if circumstances require its re-invocation in the future. Moore v. Moore, 57 Ala.App. 735, 331 So.2d 742 (1976); Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975); Donald v. Donald [50 Ala.App. 9, 276 So.2d 436 (1973)]. One parent cannot permanently waive or release the other parent from their obligation to meet the needs of children for support as that need is shown to exist at the time. If the non-custodial parent is financially able to respond to those needs, it is the responsibility of the court, upon petition and proof, to cause them to do so.’ ”
It is apparent from the record that appellant’s child had incurred the dental expenses in question, and it further appears that appellant is financially able to pay those dental expenses. We therefore conclude that the trial court did not err in requiring the father to pay the dental expenses incurred by his child.
Appellee’s request for attorney’s fee is hereby granted in the amount of $400.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section *31 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.