J. ED TEASE, Retired Circuit Judge.
From final decree of divorce, wife appeals, contending abuse of discretion by the trial court in awarding inadequate child support after an ore tenus proceeding conducted without a court reporter.
Appellant’s brief forthrightly states that no authority can be cited to sustain her position on appeal, but urges this court to find an abuse of discretion by the trial court in awarding only forty-five percent of support as established by Child Support Guidelines set out in Rule 32, Alabama Rules of Judicial Administration.
As appellant concedes, the guidelines set forth in the rule “are non-binding on the establishment or modification of the amount of child support, and courts may deviate from the guidelines where their application would be inequitable.” Rule 32(A), A.R.J.A.
In construing the effect of such guidelines on the courts, in Davis v. Davis, 535 So.2d 183 (Ala.Civ.App.1988), we said:
“As noted in section (A) of Rule 32, the guidelines are not binding on the courts and are intended to be guidelines only. Moreover, the Committee Comment indicates that the purpose of Rule 32 is to assist the courts in making more consistent awards of child support, not to mandate specific awards of child support.”
Notwithstanding our present construction of Rule 32(A), we would point out that federal law may require future changes in this rule. Family Support Act, Pub.L.. No. 100-485, 102 Stat. 2343, 2344 (1988).
In addition to the oft-repeated and well-known presumption of correctness afforded judgments of trial courts when based on testimony ore tenus, we have also held that when the record on appeal does not contain all of the evidence presented to the trial court and upon which it based its ruling, the conclusive presumption here is that the trial court’s decree is supported by the evidence and must be affirmed. Ezell v. Ezell, 440 So.2d 560 (Ala.Civ.App.1983); *37 Glass v. Glass, 405 So.2d 37 (Ala.Civ.App.1981).
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.