The parties were divorced in February 1989. In February 1990 the husband filed a petition for rule nisi against the wife for her alleged noncompliance with terms of the divorce judgment relating to the disposition of the former marital residence. The wife answered with a denial and further sought judicial clarification of her obligations under the judgment.
Following an ore tenus proceeding, the trial court entered an order dated April 10, 1990, finding that the wife was not in contempt of court. The court however ordered the wife to pay the husband the sum of $5,016.78 in satisfaction of her obligations under the divorce judgment and required her to assume the balance of the second mortgage on the marital residence. On May 8, 1990, the wife filed a pleading captioned "Motion for Relief from Judgment," alleging that the trial judge, who was not the judge who granted the divorce, had misinterpreted the divorce judgment. The trial court denied this motion, and the wife appeals. We reverse and remand with instructions.
Although the wife's post-trial motion asked for relief from judgment pursuant to Rule 60(b)(1), Alabama Rules of Civil Procedure, the motion set out different and general grounds for relief, none of which established a ground justifying relief under Rule 60(b)(1). We find the motion to be, in both form and substance, a Rule 59 motion for new trial or to alter or amend the trial court's judgment. See Cornelius v. Green,477 So.2d 1363 (Ala. 1985); Simmons v. Simmons, 390 So.2d 622
(Ala.Civ.App. 1980). As the wife's motion was filed within 30 days of the April 10, 1990, judgment, and notice of appeal was filed within 42 days of denial of the motion, we shall treat this matter as a timely appeal from the denial of a Rule 59 motion. Rule 59, A.R.Civ.P.; Rule 4(a)(1), Alabama Rules of Appellate Procedure.
The relevant provisions of the February 1989 divorce judgment are as follows:
 "(5) Plaintiff [wife] is awarded title and possession of the home of the parties located at 2106 Granada Drive in Dothan, Alabama and she is ordered to assume and be responsible for the 1st mortgage indebtedness thereon. Upon the sale, exchange, or remarriage of Plaintiff, Defendant [husband] shall be entitled to 1/2 of the 1989 value of the home agreed by the parties to be $70,000.00 minus the mortgage balance as of this date.
". . . .
 "(7) Defendant shall pay all of the marital indebtedness including the second mortgage on the home, and shall hold Plaintiff harmless therefor." *Page 295 
The record reveals that the wife remarried in December 1989 and that in February 1990 the husband filed his petition for rule nisi, alleging that the wife had failed to pay monies due to him under the judgment and seeking to enforce the provisions set forth in paragraph 5.
In its April 1990 order, the trial court interpreted the divorce judgment as providing for the deduction from the 1989 value of the marital residence of both the first and second
mortgage balances and a division of the remaining equity between the parties. The order provides, in pertinent part, as follows:
 "Within 30 days of this order, the Plaintiff [wife] will pay the Defendant [husband] an amount computed as follows in satisfaction of [the wife's] obligations under Paragraphs 5 and 7 of the divorce decree:
Agreed value in 1989 $70,000.00
Less:
 1st Mortgage balance $48,143.76 2nd Mortgage balance 10,684.68 ---------
 58,828.44 ---------
 Equity 11,171.56 Defendant's share (1/2) 5,585.78 Less: Unpaid attorney's fees $300.00 Unpaid 2nd Mortgage payment 172.00 Unpaid Court Costs 97.00 ----- Net due Defendant 569.00 ------ $5,016.78" ----------
The wife argues that in addition to requiring her to pay the husband $5,016.78 as his interest in the marital residence, the trial court's order erroneously construes the divorce judgment to require her to assume the second mortgage indebtedness of $10,684.68. She contends that a proper construction of paragraphs 5 and 7 of the divorce judgment would require her to pay the husband one-half of the equity resulting from the deduction of the first mortgage balance from the agreed-upon value of $70,000 and would further require the husband to assume the second mortgage balance on the marital residence.
Judgments are to be construed like other written instruments. The rules applicable to the construction and interpretation of judgments are those applicable to the construction and interpretation of contracts. Hanson v. Hearn, 521 So.2d 953
(Ala. 1988). Separate provisions of judgments, like provisions of contracts, should be construed in pari materia, and the entire judgment — all provisions considered — should be read as a whole in the light of all the circumstances, as well as of the conduct of the parties. Id. Further, if the terms of a judgment are not ambiguous, they should be given their usual and ordinary meaning. McClure v. Cassady, 426 So.2d 430
(Ala.Civ.App. 1982).
This court recognizes the well-settled rule that where evidence is presented ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). However, we find that the trial court's construction is not in accordance with the plain and unambiguous language of the divorce judgment. Paragraph 5 of the judgment ordered the wife "to assume and be responsible for the 1st mortgage indebtedness" and further provided that, upon her remarriage, the *Page 296 "mortgage balance" (singular) would be subtracted from the 1989 value of the marital residence in computing the husband's share. (Emphasis added.) What is more, paragraph 7 clearly and specifically states that the husband "shall pay all of the marital indebtedness including the second mortgage on the home" and that the wife will be held harmless from these obligations. (Emphasis added.)
Thus paragraph 5, which pertains to the distribution of the marital residence, refers only to the first mortgage as a factor to be used in computing the parties' obligations upon the occurrence of one of the enumerated events (sale or exchange of the house or the wife's remarriage). The "mortgage balance" indicated in this paragraph is clearly a reference to the first mortgage. No reference is made to the second mortgage until paragraph 7, which plainly states that the husband is to pay the second mortgage and does not condition this obligation upon the nonoccurrence of an enumerated event.
We find that when the terms of paragraphs 5 and 7 are considered as a whole, the divorce judgment does not provide that the second mortgage is to be used as a factor in computing the husband's share of equity in the marital residence, nor does the judgment relieve the husband of his obligation to pay the second mortgage on the home upon the wife's remarriage. The legal effect of the divorce judgment must be declared in the light of the literal meaning of the language used. Wise v.Watson, 286 Ala. 22, 236 So.2d 681 (1970). Accordingly, we reverse the decision of the trial court and remand with instructions for it to enter an order consistent with this opinion.
The husband's request for attorney's fees is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.