CRAWLEY, Judge.
The trial court divorced David Massey and Diana Massey in 1990. In May 1996, the husband petitioned to modify the divorce judgment. The wife answered and filed a cross-petition to modify, requesting, among other things, that the husband be ordered to pay half of their two children’s uninsured medical expenses incurred since the date of the divorce judgment. The State intervened on behalf of the mother. Following the presentation of ore tenus evidence, the trial court, among other things, ordered the husband to pay for half the children’s uninsured medical expenses incurred since the date the mother filed her petition. The State filed a post-judgment motion requesting the trial court to apply its order regarding uninsured medical expenses retroactively to the date of the divorce judgment. The trial court denied the motion.
The State appeals, arguing that the trial court erred by not applying its order retroactively to the date of the original divorce judgment. The 1990 divorce judgment does not provide for the payment of uninsured *801 medical expenses. The trial court stated that it would not order the father to pay for any uninsured medical expenses incurred before the date the mother filed her petition. The trial court stated that it interpreted the divorce judgment to mean that any uninsured medical expenses were intended to be paid from the $100 monthly child support ordered in the divorce judgment.
We agree with the State that a court may order the noncustodial parent to pay medical expenses incurred before a petition to modify is filed, even where the original divorce judgment was silent as to those expenses. Kieltyka v. Kieltyka, 541 So.2d 29 (Ala.Civ.App.1989). However, the trial court’s determination whether to apply its order retroactively is within its discretion, and its judgment will not be reversed except upon a showing of an abuse of discretion. Rogers v. Sims, 671 So.2d 714 (Ala.Civ.App. 1995). We conclude that the trial court did not abuse its discretion by not applying its order retroactively.
The State argues that the case of Ex parte University of South Alabama, 541 So.2d 585 (Ala.1989), mandates a reversal in this case. We disagree. In that case, the supreme court held that, “[T]he fact that the divorce judgment does not require [the noncustodial parent] to pay ... medical expenses of the child [does not] relieve [the noncustodial parent] of liability” for the payment of necessary medical expenses. Id. at 537. The South Alabama case is distinguishable from the present case. South Alabama was not a domestic relations case, but rather involved the rights of a party'that had provided medical services to a minor to collect the minor’s unpaid medical bills from the minor’s parent. The instant case is simply a modification of a divorce judgment, and the trial court was not required to modify the judgment retroactively. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.