BOLIN, Justice.
 

 The State of Alabama on behalf of Michael O’Dell, District Attorney for the Ninth Judicial Circuit of Alabama, appeals from the trial court’s order, quashing a writ of execution on the real property owned by Gary Michael Coker. We reverse and remand.
 

 Facts
 

 The record reflects that Coker was arrested for and charged with trafficking in methamphetamine.' In addition to filing criminal charges, the State also filed a civil condemnation action against Coker, seeking forfeiture of: (1) cash in the amount of $98,273 and (2) title to real property consisting of a house and two acres of land owned by Coker (hereinafter referred to as “the subject property”). On August 25, 2008, Coker entered into a plea agreement. According to the trial court, the plea-agreement form indicated that the plea was an “open plea” insofar as the sentencing was concerned; other aspects of the agreement, however, including a mandatory fine of $50,000 (hereinafter referred to as “the criminal fine”), were agreed upon by Coker, Coker’s attorney, and the district attorney. The trial court held a sentencing hearing on September 29, 2008. At the conclusion of the guilty-plea colloquy, the trial court signed a proposed consent order signed by Coker, his- attorney, and the deputy district attorney, in which the parties agreed that the cash would be deemed contraband and forfeited to the State but that the State’s request for forfeiture of the subject property as contraband would be denied. The consent order reads as follows:
 

 ■ “By agreement of the parties, the Court orders as follows:
 

 “1. The State’s request to have the real property identified in this action as ‘One (1) Parcel of Land with Structures and Fixtures’ and as ‘the premises of Coker,’
 
 *672
 
 which is located at ... declared contraband and to further constitute fruits or instrumentalities of the drug trade subject to forfeiture ... is
 
 DENIED. Coker shall retain full title, use, possession and enjoyment of said property. The State relinquishes all claim to said property.
 

 “2.
 
 Defendant Coker shall be responsible for preparing and filing any documents that are necessary to clear the notice of lis pendens which the State
 
 has recorded
 
 against the real estate which is subject-matter of
 
 this
 
 action and shall bear any costs associated with filing same.
 

 “3. NINETY-EIGHT THOUSAND, TWO HUNDRED AND SEVENTY-THREE DOLLARS ($98,273.00) Lawful Cash, Coin, or Currency of the United States of America which is subject-matter of this action
 
 is
 
 declared to constitute fruits and instrumentalities of the illicit drug trade and therefore to further constitute contraband. Said currency is forfeited pursuant to Ala.Code § 20-2-93 to the CHEROKEE COUNTY NARCOTICS UNIT for official use as provided by law....”
 

 (Capitalization in original; emphasis added.) Accordingly, the trial court sentenced Coker and ordered him to pay the criminal fine and any additional assessments due.
 

 On December 30, 2008, the State obtained a judgment against Coker in the amount of $67,704.65, an amount representing the unpaid criminal fine and assessments. The State thereafter filed a writ of execution seeking to seize the subject property in order to collect the criminal fine. Coker responded by filing (1) a motion to remit the fine, arguing that he has no means of support with which to contribute toward the criminal fine until he is no longer incarcerated; (2) a claim for exemptions, arguing that the property sought to be seized was his homestead and was therefore exempt from execution; and (3) a motion seeking relief from the writ of execution by virtue of the language in the consent order in which the State relinquished any claim it might have to execute on the subject property. The trial court conducted a hearing on the foregoing matters and thereafter entered an order quashing the writ of execution on the subject property. In interpreting the consent order, the trial court ultimately concluded that the State’s claim against the subject property in the consent order was broad enough to extend to its subsequent effort to collect the fine in the criminal case, thereby pretermitting any ruling on Coker’s homestead-exemption claim or his motion for relief from the writ of execution. The State filed a motion to alter, amend, or vacate the order quashing the writ of execution. The trial court denied the motion, and the State appealed.
 

 Standard of Review and Applicable Law
 

 “For purposes of construction, a consent order is to be construed like a contract.
 
 Hanson v. Hearn,
 
 521 So.2d 953 (Ala.1988). The legal effect of judgments or orders should be determined in the light of the literal meaning of the language used. Where that language is not ambiguous, it must be given its usual and ordinary meaning.
 
 Moore v. Graham,
 
 590 So.2d 293 (Ala.Civ.App.1991).”
 

 Dewitt Apparel, Inc. v. Four Seasons of Romar Beach Condominium Owners’ Ass’n, Inc.,
 
 678 So.2d 740, 744 (Ala.1996).
 

 “The question whether a contract is ambiguous is for a court to decide.
 
 State Farm Fire & Cas. Co. v. Slade,
 
 747 So.2d 293 (Ala.1999). As long as the contractual terms are clear and unambiguous, questions of their legal effect are questions of law.
 
 Commercial Credit Corp. v. Leggett,
 
 744 So.2d 890 (Ala.1999). Thus, we apply a
 
 de novo
 
 review
 
 *673
 
 to a trial court’s determination of whether a contract is ambiguous and to a trial court’s determination of the legal effect of an unambiguous contract term.”
 

 Winkleblack v. Murphy,
 
 811 So.2d 521, 525-26 (Ala.2001).
 

 Furthermore, “[w]here no ambiguity exists, the court’s only function is to interpret the lawful meaning and intentions of the parties as found within the agreement and to give effect to them.”
 
 Johnson v. Asphalt Hot Mix,
 
 565 So.2d 219, 221 (Ala.1990).
 

 Discussion
 

 In its brief before this Court, the State argues that the phrase in the consent order, “[t]he State relinquishes all claim to [the subject] property,” was intended by the parties to mean that the State merely relinquished the specific claim over the subject property that it had in the forfeiture case at the time the consent order was signed and that the phrase does not operate to bar future claims that might arise against the subject property. The State asserts that it took great effort in explaining to Coker’s counsel that the disposition of Coker’s criminal case by a plea agreement and the consent order in his civil forfeiture case would remain completely separate and that the terms of one could not be dependent on the terms of the other. In construing the consent order in its entirety, we conclude that there is nothing ambiguous about the consent order or about the parties’ intent, which is clearly expressed in the consent order. The language in the consent order recites (1) that “Coker shall retain full title, use, possession and enjoyment of [the subject] property,” (2) that “[t]he State relinquishes all claim to [the subject] property,” and (3) that “Coker shall be responsible for preparing and filing any documents that are necessary to clear the notice of lis pendens
 
 which the State has recorded against the real estate which is the subject-matter of this action
 
 .... ” (Emphasis added.) The use of the phrase “this action” refers specifically to the forfeiture action in which the State “[had] recorded” a lis pendens against the subject property at the time the consent order was signed. Once Coker filed the necessary documents clearing the notice of lis pendens the State had recorded against the subject property in the forfeiture action, the consent order no longer had any bearing on any future claims that might accrue on behalf of the State against the subject property. The consent order in this case “must be construed in its entirety-r-single provisions or sentences are not to be disassociated from others referring to the same subject matter.”
 
 Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co.,
 
 622 So.2d 814, 317 (Ala.1993).
 

 Based on the foregoing, the trial court’s order quashing the writ' of execution on the subject property is reversed, and the cause is remanded for the trial court to determine whether Coker is entitled to relief under the alternative theories argued before the trial court.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, STUART, and MURDOCK, JJ., concur.