REL:  08/29/2014

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1131005

_____

**Ex parte Stericycle, Inc.**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS**

**(In re:  Stericycle, Inc.**

**v.**

**Sonja Patterson)**

**(Jefferson Circuit Court, CV-11-901265;
Court of Civil Appeals, 2111032)**

WISE, Justice.

WRIT DENIED.  NO OPINION.

Stuart, Bolin, Shaw, Main, and Bryan, JJ., concur.

Moore, C.J., and Parker and Murdock, JJ., dissent.

1131005

MOORE, Chief Justice (dissenting).

Sonja Patterson was a truck driver for Stericycle, Inc. On January 19, 2011, Patterson was loading three 50-pound containers onto her truck when she felt a painful "pop" in her lower back. Patterson saw several doctors, none of whom were able to explain her degree of pain or her lack of mobility following the incident. Stericycle paid the bills for her doctor visits but refused to pay Patterson temporary-disability benefits.

On April 12, 2011, Patterson filed a complaint seeking benefits for a permanent-total disability. The parties stipulated that the injury "arose out of and in the course of her employment." They further stipulated that "the only issue to be decided by the court ... is the nature and extent of permanent disability benefits, if any, owed to [Patterson]." After a bench trial, the trial court declared that Patterson was entitled to a 57% permanent-partial-disability award. Although the trial court noted the parties' stipulation that the accident "arose out of and in the course of" Patterson's employment, it nonetheless proceeded to make factual findings on the issue of the medical causation for her injury.

2

1131005

Stericycle appealed to the Court of Civil Appeals, which affirmed the trial court's judgment in a plurality opinion authored by Judge Pittman.[1] The plurality held that Patterson did not need to prove medical causation because Stericycle had stipulated that the injury "arose out of and in the course of [Patterson's] employment," which dispensed with the necessity of proving medical causation. The plurality also held that the portion of the trial court's judgment discussing medical causation, therefore, "constituted, at most, a superfluous observation." Stericycle, Inc. v. Patterson, [Ms. 2111032, July 12, 2013] ___ So. 3d ___, ___ (Ala. Civ. App. 2013). Judge Moore dissented, arguing (1) that the provisions of the trial court's judgment, when read in pari materia, indicate that the trial court did not interpret the parties' stipulation to cover the issue of medical causation, and (2) that Patterson failed to carry her burden of proving causation. Stericycle now petitions this Court for a writ of certiorari.

---

[1]The plurality opinion was joined by Judge Thomas; Presiding Judge Thompson and Judge Donaldson concurred in the result without writings. Judge Moore dissented.

3

1131005

In its petition, Stericycle contends that the opinion of the Court of Civil Appeals conflicts with Moore v. Graham, 590 So. 2d 293 (Ala. Civ. App. 1991). In Moore, the Court of Civil Appeals held:

> "Judgments are to be construed like other written instruments. The rules applicable to the construction and interpretation of judgments are those applicable to the construction and interpretation of contracts. Hanson v. Hearn, 521 So. 2d 953 (Ala. 1988). Separate provisions of judgments, like provisions of contracts, should be construed in pari materia, and the entire judgment-- all provisions considered--should be read as a whole in the light of all the circumstances, as well as of the conduct of the parties. Id."

Moore, 590 So. 2d at 295. Stericycle argues, as Judge Moore did in his dissent, that the plurality failed to read the provisions of the trial court's judgment in pari materia, and, according to Stericycle, doing so would prove that the parties did not intend for the stipulation to cover the issue of medical causation.

This case, in my opinion, is a good candidate for certiorari review. As Judge Moore observed, the trial court made significant findings on causation, and its having done so raises a reasonable question as to the correctness of the Court of Civil Appeals' determination that the stipulation

4

1131005

established causation per se. The medical examinations indicated no impairment and a lack of a medical cause for Patterson's symptoms. Therefore, I would grant Stericycle's petition for a writ of certiorari to resolve the conflicting analyses in the plurality opinion of the Court of Civil Appeals and Judge Moore's dissent.