L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in Morgan County in 1979. The divorce decree *631 adopted a written agreement executed by the parties which provided, in pertinent part, that the wife was awarded permanent custody of the minor child and $100.00 per month as child support.
In July 1987, the wife filed a petition for modification in Jefferson County, wherein she alleged that she was a
“bona fide resident or citizen of Jefferson County, Alabama, currently residing at 1917 Kenneth Street, Fultondale, Alabama 35068, and has resided here for more than three (3) years next preceding the filing of this Complaint. The [father] is currently living in Hartselle, Alabama, and claims as his mailing address, Route 3, Box 128-A, Hartselle, Alabama 35640.”
The mother made no allegations as to the residence of the child.
The husband filed an answer to the petition for modification. A date for the hearing on the petition was set. On the date set for the hearing, the trial court sua sponte issued an order dismissing the petition to modify, due to “insufficient allegations as to the child’s residence.”
The wife filed a motion to set aside the dismissal, wherein she contends that the husband did not raise venue as an issue in his response to the petition for modification.
The trial court denied the wife’s motion. The wife appeals.
The legislature addressed the question of venue for proceedings seeking modification of child support where the current custodial parent and the child no longer reside in the county which issued the custody decree in Ala.Code 1975, § 30-3-5. That code section provides that venue will lie in either the circuit court which granted custody to the current custodial parent or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three consecutive years immediately preceding the filing of the petition. The current custodial parent is granted the right to choose the particular venue as provided in the code section.
Here, the mother, and custodial parent, filed a petition for modification in Jefferson County and alleged that she was currently a resident of Jefferson County and had been a resident of that county for a period of more than three years. The petition made no reference to the residence of the child.
In his response to the petition, the father did not raise as an issue the fact that the mother had failed to sufficiently plead the residency of the child. In fact, he did not mention the issue of venue at all in his response to the petition.
The father waived any objections to improper venue when he failed to raise it in his response to the petition. Rule 12(h)(1), Alabama Rules of Civil Procedure (A.R.Civ. P.); Den-Tal-Eze Manufacturing Co. v. Gosa, 388 So.2d 1006 (Ala.Civ.App.1980).
The trial court should not have dismissed this case sua sponte because the father had waived any defects as to improper venue when he failed to raise it in his response to the petition to modify. This is not an issue of jurisdiction of the subject matter under Rule 12(h)(3), A.R. Civ.P. We do not decide whether it would have been better pleading for the petition to have alleged specific facts for venue under the statute. The question of venue has always been a matter for defensive pleading. Ex parte Nelson, 448 So.2d 339 (Ala.1984). To dismiss this petition sua sponte for faulty pleading without opportunity of amendment is contrary to Rule 8(f), A.R.Civ.P., and the spirit and purpose of Rule 1(c), A.R.Civ.P.
Therefore, this case is reversed and remanded for reinstatement.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.