In June 1990, William Larry McCormack (father) filed in the Circuit Court of Jackson County a petition for a change of custody regarding his younger son. At the time, the child resided in Madison County with his mother, pursuant to the terms of a prior custody determination. The mother filed an answer to the petition and a motion for change of venue. The trial court denied the mother's motion and set the father's petition for hearing. Following an ore tenus proceeding, the trial court granted the father's request for a change of custody. The mother brings this petition for a writ of mandamus seeking an order requiring the trial court to vacate its judgment and grant the mother's request for a change of venue. We also note that, in the alternative, the mother raises the issue by way of an appeal. No other issue was raised in her appeal. We elect to respond to the petition for writ of mandamus rather than the appeal.
The only issue raised in this petition for mandamus is whether the trial court erred in denying the mother's motion for a change of venue. The mother contends in her motion that she was the custodial parent of the younger son at the time this petition for modification was filed, and that § 30-3-5, Ala. Code 1975, gives her the choice of venue in a custody modification action brought by her or against her. We agree.
Initially, we note that § 30-3-5 provides that:
 "Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification . . . of a final decree awarding custody of a child . . . to a parent . . . is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where . . . the current custodial parent . . . and the said child . . . have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action." (emphasis supplied)
It is apparent that the language of § 30-3-5 does not vest the trial court with the discretion to grant or deny a motion by the custodial parent to transfer venue. According to the language of the statute, if venue is proper in more than one jurisdiction, then the current custodial parent shall be able to choose the venue.
Here, in her motion for a change of venue, the mother states the following as grounds for such relief:
 "1. Plaintiff and the minor child at issue . . . reside in Madison County, Alabama, and have resided in Madison County, Alabama, for more than three (3) years.
 "2. Madison County would be a more convenient forum for the trial of this cause."
We also note that the mother's motion was timely filed and complies with all provisions of the Alabama Rules of Civil Procedure *Page 100 
relating to the filing of motions. Specifically, the motion was in writing and states both the relief sought and the grounds for granting such relief as required by Rule 7(b). Furthermore, the motion was signed by the mother's attorney as provided in Rule 11.
On the other hand, the father filed no response to the mother's motion. Neither does the record reveal that any effort was made by the father to present depositions or affidavits to the trial court contradicting the mother's right to have venue transferred to the Madison circuit court. Therefore, we find that the trial court had nothing before it upon which it could properly refuse to transfer venue.
Here, the mother established a clear right to have the trial court respond to her motion by transferring venue. The father took no action to refute this right. The trial court, therefore, had a duty under the statute to transfer the action to the Madison circuit court.
In light of the above, we grant the writ of mandamus conditionally. If the Jackson circuit court does not vacate its order modifying the previous custody arrangement and transfer the action to the Madison circuit court within 14 days from rendition of this decision, this writ shall immediately issue.
WRIT GRANTED CONDITIONALLY.
ROBERTSON and RUSSELL, JJ., concur.