L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1981 by the Circuit Court of Russell County. The mother was awarded custody of Adam Johnson, the child at issue.
In February 1991 the child moved to Tuscaloosa County to live with his father and his older brother. In June 1991 the father filed a petition for modification in the Circuit Court of Tuscaloosa County, requesting custody of the child. Following oral proceedings and by agreement of the parties, the court awarded custody of the child to the father. The mother filed a post-judgment motion concerning child support and visitation. The motion was denied by operation of law.
In February 1992 the mother filed a petition for modification, requesting, among other things, that she be awarded custody of the child. On the same date she filed a motion for an immediate hearing. A hearing was held in March 1992. The parties informed the court that they had agreed that custody of the child would remain with the father. The court entered an order disposing of all issues on July 31, 1992.
On August 14, 1992, the mother filed a petition for modification in the Circuit Court of Russell County, requesting that she be granted temporary custody of the child. Following ex parte proceedings, the court granted temporary custody to the mother. The father filed a motion to dismiss the mother’s petition, alleging that venue was not proper in the Russell court. He insisted that venue was proper in the Tuscaloosa court. He requested that the court dismiss the petition or, in the alternative, transfer the petition to the Tuscaloosa court.
The Russell court held a final hearing in November 1992 on the father’s motion to dismiss/transfer and on the mother’s request for custody. The court denied the father’s motion and awarded permanent custody to the mother. The father appeals.
The father asserts that the Russell court erred in denying his motion to dismiss/transfer. He insists that the Tuscaloosa court was the proper forum to entertain the mother’s petition.
The legislature has addressed the question of venue for proceedings seeking custodial modifications where the current custodial parent and the child no longer reside in the county which issued the custody decree. Ala. Code 1975, § 30-3-5. That code section provides that venue will lie in either the circuit court which granted custody to the current custodial parent or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three consecutive years immediately preceding the filing of the petition. Section 30-3-5 does not give the trial court discretion either to grant or to deny a motion by the custodial parent to transfer venue. Ex parte Baker, 575 So.2d 98 (Ala.Civ.App.1990). If venue is proper in more than one jurisdiction, the current custodial parent is granted the right to choose the venue. Ex parte Baker.
The record reflects that the parties were divorced by the Circuit Court of Russell County. Until the Tuscaloosa Circuit Court awarded custody to the father, the mother had legal custody of the child. However, when the Tuscaloosa court, without objection and with participation of the mother, assumed jurisdiction and entered its decree of modification, it became the court with venue for custody modification thereafter.
We consider that the father’s initial petition to modify was not filed in the proper forum. The mother was the original custodial parent. Therefore, proper venue for modification was in Russell County. 'Nevertheless, the father filed his petition in the Tuscaloosa court, and the mother responded without questioning venue. She subsequently filed a petition in the Tuscaloosa court to modify custody. The mother waived any objection to venue when she appeared and failed to raise the issue in the original proceeding in the Tuscaloosa court. Russey v. Dunlap, 532 So.2d 630 (Ala.Civ.App.1988).
When the mother brought her petition in Russell County, she was no longer the “current custodial” parent because the Tuscaloosa court had awarded custody to the *894 father. That court had reaffirmed its original decree, with agreement of the mother, just fourteen days before she filed her petition in Russell County. According to § 30-3-5, the proper court to entertain the mother’s new custodial petition would have been the Tuscaloosa court. The father properly objected to venue by filing his motion to dismiss/transfer. The Russell court did not have the discretion to deny the father’s request. Ex parte Baker. It should have transferred the matter to the Tuscaloosa court.
The petition for modification filed by the mother in Russell County did not allege any emergency or danger to the child which would invoke the emergency power of protection by the court. Ex parte Harris, 506 So.2d 1003 (Ala.Civ.App.1987). We do not have a record of the testimony presented ex parte to the trial judge, which caused him to issue an ex parte order granting temporary custody to the mother. Neither do we have a record of the testimony upon which he granted modification of the Tuscaloosa decree. Even if an emergency was shown, the matter of modification should have been transferred to the Tuscaloosa court for determination. There lay proper venue under § 30-3-5. Ex parte Baker.
The decree of modification is reversed for lack of venue.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.