THIGPEN, Judge.
This case involves petitions for modification regarding child custody and support.
The parties divorced in 1981, and custody and child support have been active issues between them since that time. Pursuant to a prior determination, the father retained custody of the older son, the mother retained custody of the younger son, and the father had been ordered to pay child support to the mother for the younger son in her custody. In 1991, this court conditionally granted a writ of mandamus in this matter regarding an order of the Jackson County Circuit Court. Ex parte Baker, 575 So.2d 98 (Ala. Civ.App.1990). Subsequently, the Jackson County Circuit Court set aside its order regarding the younger son and transferred that matter to the Madison County Circuit Court. Ultimately, that case was dismissed.
Next, the State, on behalf of the mother, sought an increase in child support and a judgment to establish an arrearage in child support. The father answered and filed a counterclaim seeking custody of the younger son. Following an ore tenus proceeding, the trial court entered a judgment that left custody with the mother, established a child support obligation for the father consistent with the guidelines of Rule 32, Ala.R. Jud.Ad-min., and determined an arrearage. The father appeals. On appeal, the father raises *464 three issues: (1) whether the trial court correctly found an arrearage; (2) whether the trial court erred in denying his custody petition; and (3) whether the trial court correctly applied the law in its order regarding the payment of child support.
The judgment of the trial court was based upon ore tenus evidence; therefore, that judgment comes to this court clothed with a presumption of correctness, and it will be reversed only for an abuse of discretion or if the evidence does not support the judgment. Jones v. Philpot, 591 So.2d 864 (Ala. Civ.App.1991).
The father’s argument regarding the arrearage does not challenge the amount of arrearage determined. He challenges only whether there was a valid order upon which to find an arrearage. It is his position that there was no existing child support order, and that, therefore, the trial court erred in determining any arrearage.
The record discloses that in 1990, the father filed a petition in Jackson County seeking custody of the younger child, who lived in Madison County with the mother. The mother’s request for a change in venue was denied. Ultimately, the Jackson County Circuit Court entered an order on July 30,1990, changing custody of the younger child to the father and terminating the father’s support obligation for that child. That order also addressed visitation and other concerns regarding the older child, who was in the custody of the father and who was a resident of Jackson County. Following the action of this court conditionally granting a writ of mandamus, the Jackson County Circuit Court entered an order clarifying its position regarding venue, setting aside its July 30, 1990, judgment in regard to the younger son, and transferring “the aspect of the case involving [the younger son] to the Circuit Court of Madison County.” See Baker, supra. The record contains a copy of an order from the Madison County Circuit Court disclosing that when the case was called in Madison County, the father failed to appear and the mother’s motion to dismiss was granted.
The father argues that when Jackson County set aside its order and transferred the matter to Madison County, only the change of custody was set aside. He argues that the termination of his child support obligation for that child remained an effective judgment, and, therefore, that no arrearage could have accrued against him.
The father presented this position to the trial court, and the trial court made express findings to the contrary, which are supported by the orders and other evidence contained in the record. The trial court’s order succinctly states:
“On January 21, 1991, the Honorable Loy Campbell, Circuit Judge of Jackson County, Alabama, set aside his prior Order of July 30, 1990, ‘insofar as it applies to [the younger son].’ The July 30, 1990, Order had provided that ‘[a]ll child support is hereby terminated.’ However, with the July 30,1990, Order being set aside, Judge Campbell’s prior Order of June 1, 1983, was then, again, in effect.... The child support provision of the June 1, 1983, Order of Judge Campbell provides that WILLIAM L. McCORMACK shall pay ‘$150.00 per month child support.’”
Based on that finding, the trial court calculated the arrearage.
The provisions of court orders should be considered in light of all of the circumstances, and if the terms of a judgment are not ambiguous, they should be given their usual and ordinary meaning. Moore v. Graham, 590 So.2d 293 (Ala.Civ.App.1991); See also Hanson v. Hearn, 521 So.2d 953 (Ala.1988). Furthermore, when the trial court’s interpretation of a previous judgment is based on ore tenus evidence, as here, it is presumed correct unless it is plainly and palpably wrong. Moore, supra.
The father’s support obligation for the younger son was clearly an “aspect of the case involving [the younger son],” and, therefore, was not terminated by the subsequent Jackson County order. The rationale for requiring transfer of the matters relating to the younger son to Madison County is that the son lived in Madison County with the custodial parent and “the trial court had nothing before it upon which it could properly refuse to transfer venue.” Baker at 100. *465 The Jackson County transfer order explained that its prior denial of a change of venue was based upon judicial economy, i.e., the Jackson County court was called upon to address, and its order did in fact address, matters concerning both children, including the older son, who lived in Jackson County. There were other provisions of the July 30, 1990, Jackson County order that remained effective and that were not set aside. The father has simply failed to show error in the trial court’s determination regarding the existing child support order and its subsequent determination regarding an arrearage.
Next, the father contends that the trial court erred in denying his petition to change custody. He correctly asserts that custody modifications such as this one are subject to the stringent rule set out by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984), i.e., that a noncustodial parent seeking to change custody must prove a change in circumstances since the last judgment that warrants a custody change, and that the positive good brought about by the change must more than offset the inherently disruptive effect caused by uprooting the child. The father argues that the trial court’s failure to modify custody was unsupported by the evidence, was plainly wrong, and was an abuse of discretion, citing Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App. 1992). Although he cites and relies on correct legal principles for his position, he provided nothing to the trial court, nor to this court on appeal, to meet his heavy burden and to necessitate changing custody from one suitable parent to the other. See Glover v. Singleton, 598 So.2d 995 (Ala.Civ.App.1992). In part, the father attempts to fault the supervision of the mother, who testified that she must work more than one job to meet their financial needs. We have thoroughly searched the record and find ample evidence supporting the trial court’s determination that “it would materially promote the welfare of the child ... for the [mother] to retain the primary care, custody and control of said minor child.” The father has shown no error here.
Last, the father argues that the trial court erred in directing him to pay child support of $204 monthly. He argues that the trial court’s order makes no findings regarding the child’s need for the father’s financial support, and that the mother failed to show an increase in the child’s needs to justify any increase in support.
The record discloses that the trial court set the father’s child support obligation in accordance with the guidelines of Rule 32, Ala.R.Jud.Admin. The father does not argue that the guideline amount is not the correct amount; therefore, the presumption of correctness accompanying an order applying a guideline prevails if we determine that the trial court correctly determined that the father has an obligation to support this child, or that the support obligation should be modified. Rule 32(A), Ala.R.Jud.Admin.
The father’s first argument is that he had no existing order for child support, and that the trial court failed to consider the needs of the child in determining that he was obligated to support the child. That argument fails in light of the determination that the father did have an existing support order. Next, the father argues that the trial court erred in increasing the obligation, because, he says, no change of circumstances was proven to justify the modification.
A trial court’s determination regarding changed circumstances warranting an increase in the support obligation is a discretionary matter that will not be disturbed on appeal absent a clear abuse of that discretion. Kellum v. Jones, 591 So.2d 891 (Ala. Civ.App.1991). The record contains evidence that the child’s needs had significantly increased since the 1983 order establishing the support obligation at $150 monthly. At the time of the hearing, the child was 13 years old, and there was testimony regarding his increased needs, including testimony regarding his increased expenses for clothing, supplies, and other necessaries, as well as his involvement in, and expenditures for, athletic events and other activities. The record contains ample evidence that there had been “a material change of circumstances that is substantial and continuing.” Rule 32(A)(2)(i), *466 Ala.R.Jud.Admin. We find no error in the support determination.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.