YATES, Judge.
Dena Jo Ceruzzi petitions this court for a writ of mandamus directing the Circuit Court of Blount County to vacate its order denying her motion for a change of venue and further ordering that court to transfer this case to the Circuit Court of Cullman County.
On September 22, 1993, the Circuit Court of Blount County divorced Dena Jo Ceruzzi and Thomas Allen Ceruzzi, awarding the mother custody of the couple’s minor daughter. The child had been living with the mother in Cullman County since January 15, 1993. On May 28,1996, the father petitioned for a rule nisi and for a custody modification of the divorce judgment. The mother moved to dismiss, or, in the alternative, to transfer the case to Cullman County. The trial court denied the mother’s motion, and this petition followed.
The issue presented is the interpretation of § 30-3-5, Ala.Code 1975. That section states in pertinent part:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent ... and the said child ... have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current ... custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
(Emphasis added.)
The mother contends that because she is the custodial parent and because she and her daughter live in Cullman County, and had lived there for over three years before the filing of the modification petition, the trial court, pursuant to § 30-3-5, must grant the change of venue.. The father contends that the three-year period of residence cannot begin to run until after custody has been awarded. He argues that a parent cannot become a “custodial” parent until so designated by a court of law and, therefore, that because the mother was awarded custody in September 1993 — less than three years before he filed his modification petition — the only proper venue is “the original, circuit court rendering the final decree.”
*852 “The legislature has addressed the question of venue for proceedings seeking custodial modifications where the current custodial parent and the child no longer reside in the county which issued the custody decree. Ala.Code 1975, § 30-3-5. That code section provides that venue will lie in either the circuit court which granted custody to the current custodial parent or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three consecutive years immediately preceding the filing of the petition. Section 30-3-5 does not give the trial court discretion either to grant or to deny a motion by the custodial parent to transfer venue. Ex parte Baker, 575 So.2d 98 (Ala.Civ.App. 1990). If venue is proper in more than one jurisdiction, the current custodial parent is granted the right to choose the venue. Ex parte Baker.”
Johnson v. Meadows, 628 So.2d 892, 893 (Ala.CivApp.1993). See also, Abernathy v. State ex ret. Dunn, 627 So.2d 425 (Ala.Civ.App.1993).
The plain language of § 30-3-5 refers to the “current custodial parent.” Unquestionably, the mother, when the modification petition was filed, was the custodial parent. Because the evidence was uncontroverted that she and her daughter had resided in Cullman County for three consecutive years immediately preceding the filing of the petition, the mother had a legal right to choose between Cullman County and Blount County as the venue of the modification proceeding.
Accordingly, the writ of mandamus is due to be granted. The Circuit Court of Blount County is hereby ordered to vacate its order of August 13, 1996, denying the mother’s motion to transfer the case and is further ordered to transfer the case to the Circuit Court of Cullman County.
WRIT GRANTED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.