INGRAM, Justice.
This election contest concerns the November 8, 1994, election for the office of circuit judge, Tenth Judicial Circuit, Place No. 5, sitting in the Bessemer Division, Jefferson County. Ralph L. Armstrong, Herbert Kidd, Jr., Quitman Mitchell, and Gordon McDaniel (hereinafter referred to as the “petitioners”) brought this action pursuant to Ala.Code 1975, § 17-15-1(3). The petitioners allege that Teresa Petelos was certified the winner based on illegal votes of voters residing in the Birmingham Division of Jefferson County and that if those purportedly illegal votes had not been counted then Judge Annetta H. Verin, who was the incumbent, would have won. Specifically, the petitioners contend that the only “legal votes” for this election are those cast by the voters residing in the area known as the Bessemer Cutoff, or the Bessemer Division, of Jefferson County, and that if only these votes are counted then Judge Verin should be declared the winner of the election. After a hearing on the contest of the election, the Probate Court of Jefferson County denied the petition of election contest and held that Teresa Petelos was entitled to hold the office.
In the general election held on November 8, 1994, there were two candidates for the office. Judge Verin was the Democratic nominee, and Teresa Petelos was the Republican nominee. Preceding that election, both candidates campaigned throughout Jefferson County, including areas outside the Bessemer Cutoff. On November 8, the election was held countywide. The results showed Teresa Petelos the winner with 102,482 votes, over Judge Verin with 94,951 votes. These re- *18 suits were certified by the secretary of state on January 6, 1995, and on January 17, 1995, Judge Verin vacated her office and Petelos took office as circuit judge for Place No. 5.
The petitioners contend that the probate court erred in denying their election contest; they rely on Ala. Const.1901, Amendment 328, § 6.13 (ratified in 1973). That section provides that “[a]ll judges shall be elected by vote of electors within the territorial jurisdiction of their respective courts.” The petitioners contend that it is well settled that the “territorial jurisdiction” of the circuit court of the Tenth Judicial Circuit, Place No. 5, sitting at Bessemer, is that geographical area known as the Bessemer Cutoff and, therefore, that the only legal votes for this office come from this area. The petitioners contend that in applying rules of statutory construction, one must necessarily give § 6.13 what they contend is its plain and unambiguous meaning — that votes cast by voters outside the Bessemer Cutoff are illegal as to Place No. 5 and should not be counted.
Other than their interpretation of § 6.13, the petitioners have presented no statute that would authorize conducting the general election for circuit judge, Place No. 5, of the Tenth Judicial Circuit in a manner different from the manner in which general elections of the other circuit judges of the Tenth Judicial Circuit are conducted, or conducting the election for Place No. 5 over a geographical area different from the area over which those other elections are conducted.
Section 1 of the 1919 statute creating the Bessemer Division, Local Act No. 213, provides that the judge presiding at Bessemer shall be a judge of the Tenth Judicial Circuit. That section provides:
“That the Circuit Court of the Tenth Judicial Circuit shall be held in each year [in] the City of Bessemer in and for the particular territory hereinafter described, in Jefferson County, Alabama, said court, when so held, to be presided over by Judge No. five of the Tenth Judicial Circuit....”
Ala.Code 1975, § 17-2-2, provides that “General elections throughout the state shall be held for ... judges of the circuit court in each judicial circuit_” The State of Alabama is divided into 40 judicial circuits, with the Tenth Judicial Circuit being composed of Jefferson County. Ala.Code 1975, § 12-11-2.
Based on the above-cited statutes, we conclude that there is but one circuit in Jefferson County, as reflected in the statute creating the Bessemer Division. The Bessemer Cutoff is not a separate circuit, but rather a part of the entire Jefferson County circuit, i.e., it is a division of the Tenth Judicial Circuit. When Amendment 328, § 6.13, refers to the “territorial jurisdiction of their respective courts” in the context of the election of a circuit court judge, it refers to circuit courts as a whole and not to a division of the circuit court or some other entity with a more limited territorial jurisdiction. In other words, the circuit judge for Place No. 5 is to be elected by the voters of the Tenth Judicial Circuit. This conclusion is further supported by the practice by which judges were elected before Amendment 328 was ratified. The prior constitutional provision concerning the election of judges read:
“The chief justice and associate justices of the supreme court, judges of the circuit courts, judges of probate courts, and chancellors shall be elected by the qualified electors of the state, circuits, counties, and chancery divisions, for which such courts may be established, at such times as may be prescribed by law, except as herein otherwise provided.”
Ala. Const., Art. VI, § 152 (repealed).
There was no evidence presented at the hearing that, pursuant to § 142, the Place No. 5 circuit judges were not elected by the qualified electors of all Jefferson County. Amendment 328, § 6.13, was ratified in 1973, and there was no evidence presented that the practice of electing the Place No. 5 circuit judge changed in any way upon that notification.
At the hearing on this- election contest, Professor Charles D. Cole testified concerning the drafting and adoption of Amendment 328. Professor Cole served as the director of the Permanent Study Commission on Alabama’s Judicial System during the time that Amendment 328 was drafted and adopted. Professor Cole was also the author of the *19 text of § 6.13 of Amendment 328. Professor Cole testified that in the drafting of Amendment 328, there was no intent to change the manner in which judges were elected. While the language of old § 162 was abandoned for the language of § 6.13 of Amendment 328, Professor Cole testified that that change was for the purpose of simplifying the text. He said:
“Since, in fact, we could accomplish the same intent to maintain the jurisdictional approach that existed at that time with simplified language, my best recollection is that that simplified language ... was intended therefore to maintain the current structure of the area for election of judges and justices without changing the substance, but merely to remove the archaic terminology.”
Therefore, we cannot hold that the § 6.13 language “within the territorial jurisdiction of their respective courts” means that only those residents in the Bessemer Cutoff are permitted to vote in the election of the judge for the Tenth Judicial Circuit, Place No. 5. The probate court’s judgment denying the petitioners’ election contest is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.
SHORES and COOK, JJ., dissent.