YATES, Judge.
The Circuit Court of Jefferson County, Birmingham Division, divorced the parties in 1988. In February 1996, the father filed in the Birmingham Division a petition to modify the child visitation provisions of the divorce judgment. The mother moved to transfer the petition, pursuant to § 30-3-5, Ala.Code 1975, requesting that it be transferred from the Birmingham Division to the Bessemer Division. The court denied the mother’s motion to transfer. The trial court entered an order purporting to certify the denial of the motion as a final judgment. See Rule 54(b), Ala.R.Civ.P. The mother has attempted to appeal from that order, arguing that the court erred in refusing to transfer the case to the Bessemer Division.
Before trial, a writ of mandamus is the proper mechanism for correcting an erroneous ruling on a motion to transfer. Elmore County Commission v. Ragona, 540 So.2d 720 (Ala.1989). Section 6-8-101, Ala. Code 1975, allows a party to raise the question of transfer on appeal from an adverse judgment on the merits. Ragona, Hooks has nothing to appeal from, but we elect to treat her attempted “appeal” as a petition for a writ of mandamus directing the trial court to transfer the case. Ex parte Baker, 575 So.2d 98 (Ala.Civ.App.1990).
The legislature has addressed the question of venue for proceedings seeking custodial modifications where the current custodial parent and the child no longer reside in the county that issued the custodial judgment. § 30-3-5, Ala.Code 1975. That Code section provides that venue will lie in either the circuit court that granted custody to the current custodial parent or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three *845 consecutive years immediately preceding the filing of the petition. Section 30-3-5 does not give the trial court discretion either to grant or to deny a custodial parent’s motion to transfer. Ex parte Baker. If venue is proper in more than one jurisdiction, the current custodial parent is granted the right to choose the venue. Id.
The residency of the mother and the minor child is not disputed. The parties stipulated that for over three years the mother and the minor child had been residents of an area served by the Bessemer Division.
The trial court, in denying the motion, stated that the Bessemer Division was a division of the circuit court and was not a separate circuit, and that § 30-3-5 “seems to contemplate a circuit change.”
It is well established that the Bessemer Division is, in fact, a separate and distinct circuit with the same power exercised by the Tenth Judicial Circuit, United Supply Co. v. Hinton Construction & Development, Inc., 396 So.2d 1047 (Ala.1981), and that the legislation creating the two divisions in Jefferson County is “venue” legislation rather than “jurisdiction” legislation. Ex parte Jackson, 516 So.2d 768 (Ala.1986). In Ex parte Longmire, 584 So.2d 503 (Ala.1991), our supreme court stated that the Bessemer Division was to be “treated as a separate county for purposes of establishing venue.”
For purposes of establishing venue, the Bessemer Division is, in fact, a separate and distinct circuit, and, as such, falls within the terms of § 30-3-5. But cf., Mitchell v. Probate Court of Jefferson County, 689 So.2d 17 (Ala.1997) (Bessemer Division is not separate circuit in the context of the election of a circuit court judge).
In the present case, venue for the modification petition was proper in the Birmingham Division and in the Bessemer Division. Therefore, pursuant to § 30-3-5, the mother was granted the right to choose the venue. Ex parte Baker. Accordingly, the court erred in denying the mother’s request to transfer.
The trial court is directed to enter an order transferring the modification petition to the Bessemer Division.
The mother’s request for an attorney fee on this appellate proceeding is granted in the amount of $1,000.
WRIT GRANTED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.