812 So.2d 1218 (2001)
In the Matter of ANONYMOUS, a minor.
2000887.
Court of Civil Appeals of Alabama.
June 13, 2001.
PER CURIAM
On May 23, 2001, the unemancipated minor filed a petition seeking a judicial waiver of parental consent for an abortion, pursuant to § 26-21-4, Ala.Code 1975. On May 29, 2001, the trial court held a hearing, at which the minor testified in support of her petition. The trial court entered an order denying the minor's petition for a waiver of parental consent for an abortion. The minor has appealed that decision.
"Except as otherwise provided ..., no person shall perform an abortion upon an unemancipated minor unless he or his agent first obtains the written consent of either parent or the legal guardian of the minor." § 26-21-3(a), Ala.Code 1975. "A minor who elects not to seek or does not or cannot for any reason, obtain consent from *1219 either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter." § 26-21-4(a), Ala.Code 1975 (emphasis added). An examination of the face of the complaint filed by the minor shows that she indicates she is a legal resident of one county and that she seeks to have the abortion procedure performed in that same county. She filed this petition for a waiver of consent in an adjoining county.
A thorough review of the record shows that no testimony from the minor reveals any contrary evidence as to where the minor may eventually have this procedure performed. She indicated that she gathered information from a number of sources, including a women's clinic in her hometown, a women's clinic in the adjoining county, and a counseling center. In no part of her testimony does she contradict her assertion that the abortion is to be performed in her county of residence. Additionally, while the record contains the submission of a pregnancy test from the women's clinic located in the adjoining county, the record does not contain any testimony indicating that she will seek her abortion in the adjoining county. It is not within the purview of this appellate court to infer facts that do not appear in the record.
The dissent relies on Ex parte General Motors Corp., 800 So.2d 159 (Ala.2000), in concluding that the provisions of Ala.Code 1975, § 26-21-3(e) and § 26-21-4(a), specify which courts have venue, rather than jurisdiction, as to petitions for waivers of parental consent. However, Ex parte General Motors dealt with the jurisdiction of a circuit court and, as Justice Lyons points out in his special concurrence in that case:
"The circuit courts of this State have `general jurisdiction in all cases except as may otherwise be provided by law.' Ala. Const. of 1901, Amend. No. 328, § 6.04 (emphasis added [in Ex parte General Motors]). Therefore, the silence of § 25-4-95 in regard to the exclusivity of the county in which appeal [from an unemployment compensation ruling by the State Board of Appeals] may be filed, should be treated as the Legislature's failure to `otherwise provide by law.'"
Ex parte General Motors, 800 So.2d at 164 (Lyons, J., concurring specially). Unlike the circuit courts at issue in Ex parte General Motors, the juvenile courts of this state are creatures of statute and have only such jurisdiction as is conferred on them by statute. See generally Ala.Code 1975, § 12-15-30 and § 12-15-31. As noted previously, the statute providing for parental-consent waivers specifically limits the filing of the petition to either the county of the minor's residence or the county in which the abortion procedure is to be performed.
Furthermore, we note that the following provision precedes the statutes at issue here (§ 26-21-3(e) and § 26-21-4(a)):

"Except as otherwise provided in subsections (b) [dealing with notice] and (e) of this section and Sections 26-21-4 and 26-21-5 [dealing with medical emergencies] hereof, no person shall perform an abortion upon an unemancipated minor unless he or his agent first obtains the written consent of either parent or the legal guardian of the minor."
§ 26-21-3(a), Ala.Code 1975 (emphasis added). Thus, unlike the statutory language construed in Ex parte General Motors, the grant of authority to juvenile *1220 courts to hear parental-consent waiver petitions was framed by our Legislature as an "exception" to the general rule of § 26-21-3(a). Under our rules of statutory construction, exceptions in statutes should be strictly, though reasonably, construed. See Pace v. Armstrong World Indus., Inc., 578 So.2d 281 (Ala.1991); State v. Praetorians, 226 Ala. 259, 146 So. 411 (1933); Smith v. Civil Serv. Bd. of City of Florence, 52 Ala.App. 44, 289 So.2d 614 (Ala. Civ.App.1974). See also Mobile Infirmary Ass'n v. Emfinger, 474 So.2d 731 (Ala.Civ. App.1985).[1]
Finally, the dissent states that a claim of improper venue is waived if it is not properly raised. As our Supreme Court noted in Ex parte Anonymous, 803 So.2d 542 (Ala.2001), however, judicial bypass cases generally are unilateral in nature. Unlike Ex parte General Motors, most judicial bypass cases will not have an opposing party to insist on the proper venue and to prevent a waiver of venue. We question whether the Legislature would have bothered to expressly limit where parental-consent waiver petitions could be filed if it had not intended to create an effective restriction. See Druid City Hosp. Bd. v. Epperson, 378 So.2d 696, 699 (Ala.1979) ("Statutes passed by the legislature should be construed to effect the legislative intent where that intent can be discerned.... [I]t is presumed that the legislature does not enact meaningless, vain or futile statutes.").
In Wallace v. Tee Jays Manufacturing Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), we held that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." It is clear from the appellate record presented that the trial court, under the plain meaning of § 26-21-4(a), was without jurisdiction to hear this petition, and, therefore, that its judgment is void. It is well settled law in Alabama that a void judgment will not support an appeal. See Underwood v. State, 439 So.2d 125 (Ala.1983); Jones v. Sears, Roebuck & Co., 342 So.2d 16 (Ala.1977), and Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Accordingly, this appeal is dismissed.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
YATES, P.J., and CRAWLEY, J., dissent.
YATES, Presiding Judge, dissenting
Section 26-21-4(a), Ala.Code 1975, provides that a minor seeking a waiver of parental consent to an abortion may file the action "in the county in which the minor resides or in the county in which the abortion is to be performed." The majority is dismissing the minor's appeal on the basis that the juvenile court lacked jurisdiction because the action was filed in a county other than where the petition for *1221 parental waiver indicates the minor lives and the abortion is to be performed. I believe the record indicates that the action was appropriately filed in the adjoining county. The judgment is properly before this court on appeal.
The record indicates that the minor sought a pregnancy test from the public health center in her home county and that she sought a pregnancy test from a women's clinic in an adjoining county, which she references in the record as "the abortion clinic." The record contains a copy of the results of a pregnancy test administered at the women's clinic, which shows its address in the county in which the petition was filed. Throughout the transcript, the court, the attorney for the minor, the minor, and the attorney for the fetus refer to the abortion clinic. The minor testified that she looked up the abortion clinic on the Internet and then went to talk with someone at the clinic. Clearly, the participants recognized that the abortion was to be performed in the county where the petition was filed. I, therefore, dissent from the order of dismissal; I think this court should address the merits.
I also do not believe that § 26-21-4 confers jurisdiction on a particular county, but rather indicates the proper venue for a petition for a waiver of parental consent. The "juvenile court, or the court of equal standing," referred to in the statute, has the authority or jurisdiction to address the parental-waiver issue. Venue relates to the particular county wherein a court with jurisdiction may hear and determine a case. In § 26-21-4, the proper venue is the county where the minor resides or the county where the abortion is to be performed. I find persuasive Ex parte General Motors Corp., 800 So.2d 159 (Ala.2000), which recognizes the distinction between jurisdiction and venue. I note that a claim of improper venue is waived if not properly raised, Ex parte Children's Hospital of Alabama, 721 So.2d 184 (Ala.1998); Russey v. Dunlap, 532 So.2d 630 (Ala.Civ.App. 1988), and no such claim has been raised in this case.
CRAWLEY, J., concurs.
NOTES
[1] In Emfinger, this court relied upon the long-standing rule that "where a special statutory provision is provided as an exclusive method of review for a particular type case, no other statutory review is available." 474 So.2d at 732-33. The statute at issue in Emfinger, Ala.Code 1975, § 22-21-275(14), governed judicial review of certificate-of-need applications by the State Health Planning and Development Agency, providing specifically:

"The decision of the appeals agency shall be considered the final decision of the state agency; provided, that the applicant may appeal the decision to the circuit court of the county in which the applicant resides or of the county in which the applicant is situated."
(Emphasis added.) This court considered the statutory expression of a general rule, followed by the stated exception thereto, as creating an "exclusive method of review."