STUART, Justice.
John Earl Brandon (“the father”) petitions this Court for a writ of mandamus directing the Tuscaloosa Circuit Court to transfer the portion of this custody-modification action filed by Carolyn Anne Brandon (“the mother”) involving the parties’ minor son to the Pickens Circuit Court. We grant the petition and issue the writ.

Facts and Procedural History

On February 25, 2009, the father and the mother were divorced by a judgment of the Tuscaloosa Circuit Court. The judgment approved and incorporated a separate agreement giving the mother primary physical custody of the two then minor daughters[1] and giving the father *639 primary physical custody of the minor son. The agreement contained detailed visitation and custody provisions, as well as provisions controlling postdivorce responsibilities for such items as insurance, medical expenses, etc. Since the divorce, the mother and the daughters have resided in Tuscaloosa County; the father and the son have resided in Pickens County.
On June 7, 2012, the mother petitioned the Tuscaloosa Circuit Court for emergency relief to enforce her right to five weeks of summer visitation with the minor son, as provided in the agreement; to hold the father in contempt for violating visitation orders; and to modify postminority-sup-port provisions of the agreement by transferring control of funds for the older daughter’s postsecondary education to the mother. The father answered the petition, filed a counterpetition seeking to hold the mother in contempt and seeking clarification of court orders regarding postsecond-ary educational costs for the older daughter, and moved to transfer to the Pickens Circuit Court all issues in the mother’s petition that related to the minor son. In his motion for a change of venue, the father explained:
“[P]ursuant to § 30-3-5, [Ala.Code 1975,] since the prior orders regarding custody of [the minor son] were entered in the Circuit Court of Tuscaloosa County, and since [the father] and [the minor son] have resided in Pickens County for a period of at least three (3) consecutive years immediately preceding the filing of [the mother’s] petition, [the father] has a choice of venue as to Tuscaloosa County or Pickens County.”
In July 2012, after conducting a hearing on the father’s motion for a change of venue, the trial court denied the motion.
The father then petitioned the Court of Civil Appeals for mandamus relief. The Court of Civil Appeals denied the petition without an opinion. Ex parte Brandon (No. 2111105, August 21, 2012), — So.3d -(Ala.Civ.App.2012) (table).

Standard' of Review

“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “‘“(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)(quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).’
“Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala. 2008).”
Ex parte Lugo de Vega, 65 So.3d 886, 891 (Ala.2010).

Discussion

The father, contends that, as the minor son’s custodial parent, he has, pur *640 suant to § 30-8-5, Ala.Code 1975, a clear, legal right to chose the venue for adjudication of the mother’s claims involving the minor son. The mother does not dispute that the father satisfies the requirements of § 30-3-5; she maintains that the statute does not apply in this case because, she argues, the action she filed in the Tuscaloosa Circuit Court pleads not only claims involving the minor son, but also claims as to which venue is proper in the Tuscaloosa Circuit Court. She contends that, because it is improper to transfer the entire action, the claims involving the minor son should remain in the Tuscaloosa Circuit Court.
Section 30-3-5 states:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child ... and/or granting visitation rights ... and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
(Emphasis added.)
Section 30-3-5 provides that venue for an action seeking modification, interpretation, or enforcement of an order involving a child' is proper either in the circuit court that issues the order or in the circuit court of the county where the custodial parent and the child have resided for at least three years before the filing of the action. Section 30-3-5 further provides that if the custodial parent and child satisfy the residence requirement, then the custodial parent can select the venue. See also Ex parte Baker, 575 So.2d 98, 99 (Ala.Civ.App.1990); Johnson v. Meadows, 628 So.2d 892 (Ala.Civ.App.1993); and Ce-ruzzi v. Ceruzzi, 688 So.2d 850 (Ala.Civ. App.1997). The language in § 30-3-5 is clear and unambiguous. The legislature unequivocally stated that the custodial parent “shall be able to choose the particular venue” with regard to claims involving the child. “The word ‘shall’ is clear and unambiguous and is imperative and mandatory.” Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998). This Court is bound by the words used by the legislature in the statute.
In Ex parte Hester, 682 So.2d 6, 7 (Ala. 1996), this Court recognized that “§ 30-3-5 gives the trial court no discretion to grant or to deny a motion by the custodial parent to transfer; rather, it provides .that the current custodial parent shall be able to choose the venue.” The Hester Court addressed facts similar to the ones presented here. In Hester, the father was granted physical custody of the minor son, and the mother was granted physical custody of the minor daughter. The mother and daughter resided in the county in which the divorce judgment was entered; the father and son resided in an adjacent county. Six years after the entry of the divorce judgment, the mother petitioned for custody of the son. The father moved, pursuant to § 30-3-5, to transfer the action to the county of his and the son’s residence. The court denied the motion, and the father petitioned this Court for a writ of mandamus directing the court to transfer the case to the county of his and *641 the son’s residence. We granted the writ, stating:
“The father has shown that he was awarded primary physical custody of the child, that he and his son have lived in Franklin County for over three years, and that the underlying action is a custody petition involving the custody of the son only. He has therefore demonstrated that he has a clear legal right under § 30-3-5 to chose the venue of this action and that the trial court had no discretion to deny his choice.”
682 So.2d at 7-8.
The mother contends that this Court’s decision in Ex parte Hester does not control this case. She maintains, in a case like this one involving multiple claims, that, even though a custodial parent may satisfy the requirements of § 30-3-5 for the selection of venue, if the venue to which the transfer is sought is not a proper venue for all the claims, then § 30-3-5 has no application and the custodial parent does not get to choose venue. She argues:
“Section 30-3-5 is silent about severing or bifurcating claims in order to transfer one or more but less than all of the claims in the proceeding. If the case pending was properly filed in Tuscaloosa, there is no option available for transfer if the entire case cannot be transferred.... [A]ll of the claims in the ‘underlying action’ pending must be proper in the venue chosen of the party requesting the transfer.”
To agree with the mother and to deny a custodial parent the opportunity to select venue as provided in § 30-3-5 with regard to claims involving a child in a custody-modification action because those claims were filed with other claims would require this Court to ignore the plain language of the statute and to thwart the purpose of the statute. Like the mother, this Court can envision situations where the application of this statute may create inconsistent results and inequities. However, this Court is bound to say what the law is, not what it should be.
The father has shown that he was awarded primary physical custody of the minor son, that he and the minor son have resided in Pickens County for over three years before the mother filed the present action, and that he requested a change of venue as to only those claims involving the minor son. He has, therefore, demonstrated a clear legal right under § 30-3-5 to select the venue for adjudication of those claims, and the Tuscaloosa Circuit Court was without discretion to deny his choice.

Conclusion

Based on the foregoing, the father is entitled to a writ of mandamus. The Tuscaloosa Circuit Court is directed to vacate its order denying the father’s motion to transfer the claims related to the minor son and to enter an order transferring those claims to the Pickens Circuit Court.
PETITION GRANTED; WRIT ISSUED.
WOODALL, BOLIN, PARKER, MAIN, and WISE, JJ., concur.
SHAW, J., concurs in the result.
MURDOCK, J., dissents.
MALONE, C.J., recuses himself.

. One of the daughters is no longer a minor.