MOORE, Judge.
M.A.G. (“the father”) petitions this court for a writ of mandamus directing the Jefferson Family Court to vacate its order transferring the father’s contempt and modification action, filed against L.W. (“the mother”), to the Dallas Juvenile Court.[1] We grant the petition and issue the writ.
The mother and the father never married, but they have a child together. On June 16, 2008, the Jefferson Family Court entered a judgment adjudicating the father’s paternity of the child, establishing a visitation schedule for the father, and ordering the father to pay child support. That judgment included the language required by the Alabama Parent-Child Relationship Protection Act (“the Act”), Ala. Code 1975, § 30-3-160 et seq.
Ón June 25, 2013, the father initiated an action in the Jefferson Family Court against the mother, alleging that the mother was in contempt of the June 16, 2008, judgment because she had failed to comply with the provision in the judgment requiring her, in accordance with the Act, to notify the father in the event she and the child relocated. The father sought a finding of contempt against the mother and a modification of the visitation schedule set forth in the June 16, 2008, judgment. The father asserted that he had moved to the State of Virginia, and he requested an “out of state” visitation schedule or a comparable schedule that accommodated the amount of travel involved in carrying out the visitation.
On September 30, 2013, the mother answered the father’s complaint, denying all the allegations. In her answer, she did not assert any affirmative defenses or seek a change of venue. On January 5, 2014, the mother filed a counterclaim, seeking to modify the father’s child-support obligation; she again did not raise the issue of venue. On March 17, 2014, the mother filed a motion to transfer the action to Dallas County. In that March 17, 2014, motion, she asserted that she had lived in Dallas County for three years and that all witnesses who could possibly testify in the action were located in Dallas County. The mother did not address the child’s residence, and she offered no affidavits in support of her motion.
On March 17, 2014, a referee for the Jefferson Family Court granted the mother’s motion to transfer the action to Dallas County. On that same date, the father filed a motion seeking a hearing on the mother’s motion to transfer before the Jefferson Family Court. See Rule 2.1, Ala. R. Juv. P. (addressing referees and a party’s right to seek a hearing from the trial court in lieu of accepting the referee’s proposed order). The father asserted that the mother had untimely raised the venue issue and that, as a result, she had waived that issue; he also asserted that she had failed to establish, pursuant to Ala.Code 1975, § 30-3-5, that she was entitled to *24 have the action transferred to Dallas County.
The Jefferson Family Court scheduled a hearing on the mother’s motion and the father’s response thereto. On May 15, 2014, after hearing arguments of counsel, the Jefferson Family Court entered an order stating that “[t]his court finds that Jefferson County is forum non conveniens and transfers this case to Dallas [County], Alabama.” The father timely filed this petition.[2]
“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).’ ”
Ex parte Vest, 68 So.3d 881, 884 (Ala.Civ.App.2011) (quoting Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005)). “ ‘The question of proper venue for an action is determined at the commencement of the action.’ ... ‘If venue is not proper at the commencement of the action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.’ ” Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002) (quoting Ex parte Pratt, 815 So.2d 532, 534 (Ala.2001), and Ex parte Overstreet, 748 So.2d 194, 196 (Ala.1999)).
Alabama Code 1975, § 30-3-5, addresses proper venue for a proceeding seeking to modify, interpret, or enforce a judgment awarding, among other things, custody of a child, visitation, and child support. Section 30-3-5 provides:
“Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification, interpretation, or enforcement of a final decree awarding custody of a child or children to a parent and/or granting visitation rights, and/or awarding child support, and/or awarding other expenses incident to the support of a minor child or children, and/or granting post-minority benefits for a child or children is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent or, in the case of post-minority benefits, where the most recent custodial parent, that parent having custody at the time of the child’s attaining majority, and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action.”
The father filed in the Jefferson Family Court a complaint seeking to enforce and to modify the 2008 judgment. That judgment was entered by the Jefferson Family Court and, among other things, awarded custody of the parties’ child to the *25 mother and visitation to the father. Therefore, venue of the father’s action is governed by § BO-3-5, and, pursuant to § 30-3-5, venue of that action was proper in the Jefferson Family Court.
Assuming the residency requirements stated in § 30-3-5 are met, the custodial parent, in this case the mother, is allowed the choice of venue in an action governed by that statute. See, e.g., Ex parte Brandon, 113 So.3d 638 (Ala.2012). We agree with the father, however, that the Jefferson Family Court erred in granting the mother’s motion to transfer this action to Dallas County.
As argued by the father, the mother waived any objection to venue by failing to timely seek a transfer of the action to Dallas County. See Rule 12(b)(6), Ala. R. Civ. P. (requiring that an objection to venue be asserted in the first responsive pleading or that objection is deemed waived). See also Ex parte Vest, 130 So.3d 572 (Ala.2012) (recognizing that a party to a custody-modification action waives an objection to improper venue if that objection is not asserted in the first responsive pleading); S.D.F. v. A.K., 875 So.2d 326, 327-28 (Ala.Civ.App.2003) (holding that a party had accepted venue of a custody-modification proceeding by objecting to that venue as to future proceedings but not objecting to that venue for the current proceeding); and Russey v. Dunlap, 532 So.2d 630 (Ala.Civ.App.1988) (determining that the father in that action had waived any objection to venue).
In this case, the mother filed her first responsive pleading to the father’s complaint in September 2013. Assuming she could have met the three-year residency requirement of § 30-3-5, entitling her to select a different venue, she should have asserted her choice of venue in that pleading; the mother, however, failed to seek a different venue until March 2014. Therefore, the mother is deemed to have accepted the Jefferson Family Court as the venue for the father’s enforcement and modification action.
We also agree with the father that the Jefferson Family Court erred in transferring the action to Dallas County on the basis of forum non conveniens. Alabama Code 1975, § 6-3-21.1(a), which addresses the doctrine of forum non conveniens, provides:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed thereih. Provided, however, this section shall not apply to cases subject to Section 30-3-5[, Ala.Code 1975].”
(Emphasis added.) As stated above, the father’s modificatioh action is subject to § 30-3-5; therefore, the forum non conve-niens statute is inapplicable to this action and the Jefferson Family Court erred in relying on it.
The mother’s subsequently filed counterclaim, seeking to modify the father’s child-support obligation as established in the June 2008 judgment, does not alter our analysis. Venue is determined at the commencement of the action. Ex parte Pike Fabrication, 859 So.2d at 1091. Because venue was proper in the Jefferson Family Court at the time the father initiated this action, the mother’s subsequently filed counterclaim does not alter that determination.
Because the mother failed to timely raise the issue of venue and because the Jefferson Family Court improperly relied *26 on the doctrine of forum non conveniens, we conclude that the Jefferson Family Court erred in transferring the action to Dallas County. Thus, the father has established a clear legal right to the relief he seeks. We, therefore, grant the father’s petition and issue the writ, instructing the Jefferson Family Court to vacate its May 15, 2014, order.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. We note that actions concerning child support that are filed in the Jefferson Family Court and docketed with a case number having a “CS” prefix are governed by the Alabama Rules of Juvenile Procedure. See generally H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009), and M.C. v. L.J.H., 868 So.2d 465, 467 (Ala.Civ.App.2003).

. This court called for an answer to the father’s petition, but the mother has not favored the court with a response.