PITTMAN, Judge.
Carrie Suzanne Bragg ("the mother") petitions this court for a writ of mandamus directing the Chilton Circuit Court (1) to vacate its order denying her motion to transfer an action filed by Walter Alexander Roche, Jr. ("the father"), to the Shelby Circuit Court and (2) to transfer the father's action to the Shelby Circuit Court. We grant the mother's petition and issue the writ.[1]
On May 5, 2017, the father petitioned the Chilton Circuit Court to modify the child-custody provisions of the judgment divorcing him and the mother ("the divorce judgment").[2] The Chilton Circuit Court docketed the father's action as case number DR-13-900186.03. On May 9, 2017, the mother petitioned the Shelby Circuit Court to modify the visitation provisions of the divorce judgment. On May 20, 2017, the mother filed a motion to transfer the father's action ("the motion to transfer") and supported it with an affidavit in which she attested that she and the parties' two children had lived in Shelby County for more than three consecutive years before the filing of the father's modification petition and stating that, as the custodial parent, she wanted the father's action transferred to the Shelby Circuit Court pursuant to § 30-3-5, Ala. Code 1975, the Code section governing the venue of actions seeking, among other things, the modification of the *608 child-custody provisions of divorce judgments.
On May 24, 2017, before the Chilton Circuit Court had had an opportunity to rule on the motion to transfer, the mother petitioned this court for a writ of mandamus directing the Chilton Circuit Court to transfer the father's action to the Shelby Circuit Court. On May 25, 2017, we denied the mother's petition. See Ex parte Bragg (No. 2160656, May 25, 2017), 246 So. 3d 142 (Ala. Civ. App. 2017) (table). The mother then petitioned our supreme court for a writ of mandamus directing the Chilton Circuit Court to transfer the father's action to the Shelby Circuit Court; our supreme court denied that petition on May 26, 2017. See Ex parte Bragg (No. 1160748, May 26, 2017), --- So. 3d ---- (Ala. 2017) (table).
Also on May 26, 2017, the Chilton Circuit Court held a hearing at which it considered, among other things, the motion to transfer. Later that same day, the Chilton Circuit court entered an order that, among other things, denied the motion to transfer. On June 30, 2017, within the 42-day presumptively reasonable period following the denial of the motion, see Rules 21(a)(3) and 4(a)(1), Ala. R. App. P., the mother filed the mandamus petition now before us.
In pertinent part, § 30-3-5 provides:
"Notwithstanding any law to the contrary, venue of all proceedings for petitions or other actions seeking modification ... of a final decree awarding custody of a child or children to a parent and/or granting visitation rights ... is changed so that venue will lie in: (1) the original circuit court rendering the final decree; or (2) in the circuit court of the county where both the current custodial parent ... and the child or children have resided for a period of at least three consecutive years immediately preceding the filing of the petition or other action. The current or most recent custodial parent shall be able to choose the particular venue as herein provided, regardless of which party files the petition or other action."
In Johnson v. Meadows, 628 So.2d 892, 893 (Ala. Civ. App. 1993), this court explained:
"The legislature has addressed the question of venue for proceedings seeking custodial modifications where the current custodial parent and the child no longer reside in the county which issued the custody decree. Ala. Code 1975, § 30-3-5. That code section provides that venue will lie in either the circuit court which granted custody to the current custodial parent or in the circuit court of the county wherein the current custodial parent and the minor child have resided for a period of at least three consecutive years immediately preceding the filing of the petition. Section 30-3-5 does not give the trial court discretion either to grant or to deny a motion by the custodial parent to transfer venue. Ex parte Baker, 575 So.2d 98 (Ala. Civ. App. 1990). If venue is proper in more than one jurisdiction, the current custodial parent is granted the right to choose the venue. Ex parte Baker."
Because the undisputed evidence indicates that the mother was the custodial parent and that she and the parties' two children had lived in Shelby County for more than three consecutive years before the filing of the father's modification petition, the mother had the right to choose the venue for the father's action. Therefore, the Chilton Circuit Court erred in *609 denying the motion to transfer. Accordingly, we grant the mother's petition and issue a writ of mandamus directing the Chilton Circuit Court (1) to vacate its order denying the motion to transfer and (2) to enter an order transferring the father's action to the Shelby Circuit Court.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

In Ex parte Bragg, 237 So. 3d 235 (Ala. Civ. App. 2017), this court granted a previous petition for a writ of mandamus filed by the mother in connection with an earlier action involving these same parties.

The divorce judgment was a Tennessee judgment, which the Chilton Circuit Court had domesticated in November 2013.